## COMMONWEALTH *vs.* JOHN G. TABER.

Bristol.   October 23, 1877.   LORD & SOULE, JJ., absent.

If a judge of a district court holds, at the same time, the office of mayor of a city
within the district, the question whether he is disqualified to act as judge, by reason
of incompatibility in the two offices cannot be determined upon an appeal taken by
a person whom he has tried and found guilty upon a complaint originally made re-
turnable before him.

COMPLAINT to the Third District Court of Bristol, charging
the defendant with keeping intoxicating liquors with intent to
sell the same, in violation of law. In the Superior Court, on
appeal, before the jury were empanelled, the defendant filed a
plea in bar, alleging that the complaint was received, heard and
tried before Alanson Borden, esquire, who at the time of said
trial was then and there mayor of the city of New Bedford, and
was then and there the judge of the Third District Court of
Bristol; and that, by the Constitution and laws of the Common-
wealth and the ordinances of the city of New Bedford, Borden
was not a proper person as judge to hear and determine the case.

The district attorney demurred to the plea, and the demurrer
was sustained, and the plea adjudged. From this judgment, after
being tried on the general issue, and found guilty, appealed.

*E. L. Barney,* for the defendant.

*W. C. Loring*, Assistant Attorney General, for the Commonwealth, was not called upon.

GRAY, C. J. The competency of the magistrate, before whom this prosecution was commenced, is not objected to on account of any disqualification by reason of personal interest in the cause, as in *Richardson* v. *Welcome*, 6 Cush. 331, but upon the ground that, holding the executive office of mayor of the city of New Bedford, he could not at the same time exercise judicial power as a judge within the same territory. As, upon the allegations of the plea, he was at least a judge *de facto*, his jurisdiction could not be controverted upon this ground, nor the question whether the two offices were incompatible be tried, in a proceeding to which he was not a party. *Milward* v. *Thatcher*, 2 T. R. 81, 87. *McGregor* v. *Balch*, 14 Vt. 428. *Coolidge* v. *Brigham*, 1 Allen, 333. *Sheehan's case*, 122 Mass. 445.

*Judgment affirmed.*