## *In re* MANNING, Petitioner.

ERROR TO THE SUPREME COURT OF THE STATE OF WISCONSIN.

No. 1607. Submitted March 17, 1891. — Decided April 6, 1891.

A person is not denied the equal protection of the laws, nor deprived of liberty without due process of law, in violation of the Fourteenth Amendment of the Constitution, by being tried and sentenced to imprisonment by a judge who, although appointed by the governor without authority, is a judge *de facto* of a court *de jure,* by the law of the State as declared by its highest court.

THE case is stated in the opinion.

*Mr. Rublee A. Cole* and *Mr. W. W. O'Keefe* for petitioner.

No one opposing.

MR. JUSTICE GRAY delivered the opinion of the court.

This was a writ of error to review a judgment of the Supreme Court of the State of Wisconsin, denying to Patrick Manning a writ of *habeas corpus* to discharge him from the

custody of the warden of the state prison under a sentence of the municipal court for Ashland County. 76 Wisconsin, 365. The case was this:

By the statute of Wisconsin of 1889, c. 94, § 1, " A municipal court for the city and county of Ashland is hereby established, under the name of the municipal court for Ashland County," which " shall be a court of record, have a clerk and a seal," and " may exercise powers and jurisdiction equal to, and concurrent with, the Circuit Court of Ashland County, in all cases of crimes and misdemeanors arising in said county, except murder and rape," besides other jurisdiction, criminal and civil.

By § 4, " The qualified voters of the county of Ashland shall, on the first Tuesday in April, 1889, and on the first Tuesday of April every fourth year thereafter, elect a suitable person to the office of judge of said municipal court, to be called municipal judge, who shall hold his office for the term of four years from the first Monday in January next succeeding his election, and until his successor shall be elected and qualified." " Whenever a vacancy shall happen in the office of said judge, the governor shall fill such vacancy by appointment. The person so appointed shall hold the office until his successor shall be elected and qualified."

By § 11, " This act shall take effect and be in force from and after its passage and publication." It was approved by the governor March 14, and published March 15, 1889.

The first election of judge of the municipal court for Ashland County was held on April 2, 1889, when L. A. Calkins was elected for the term of four years beginning the first Monday of January, 1890; and on April 4, 1889, the governor appointed him judge of that court " for the term ending the first Monday of January, 1890."

In that court, held by said Calkins as judge, the petitioner was in August, 1889, charged with manslaughter, tried and convicted in October, and sentenced on November 9, 1889, to imprisonment at hard labor in the state prison for three years, and was held by the warden under that sentence.

It was contended in his behalf that, at the time of his trial

and sentence, there was no such court in existence as the municipal court for Ashland County; that the governor had no authority to appoint a judge of that court before the first Monday of January, 1890; that before that date there was no judge, *de jure* or *de facto*, of that court; that the court which tried and sentenced him had no jurisdiction; and that he had been denied the equal protection of the laws, and deprived of his liberty without due process of law, in violation of the Fourteenth Amendment of the Constitution of the United States.

The Supreme Court of Wisconsin, as appears by its opinion delivered in a similar case decided at the same time, and referred to in its opinion in this case, denied the writ of *habeas corpus* because, assuming that the governor had no authority to make, when he did, the appointment of Calkins as judge of the municipal court for Ashland County, yet that court was established and in legal existence from and after the publication of the statute of 1889, c. 94, on March 15, 1889, and by the law of Wisconsin, as declared in a long series of decisions, it was a settled rule that "if the office has been lawfully established, and a person exercises the functions thereof by color of right, but whose election or appointment thereto is illegal, his official acts therein cannot be successfully attacked in collateral proceedings, but in all such proceedings will be valid and binding until the officer is ousted by the judgment of a court in a direct proceeding to try his title to the office;" and that Calkins, at the time of the proceedings against the petitioner, was, "at least, judge *de facto* of such court." *In re Burke*, 76 Wisconsin, 357, 363.

The cases cited fully support that position. See especially *In re Boyle*, 9 Wisconsin, 264; *Dean* v. *Gleason*, 16 Wisconsin, 1; *Chicago & Northwestern Railway* v. *Langdale County*, 56 Wisconsin, 614; *Yorty* v. *Paine*, 62 Wisconsin, 154.

It must, therefore, be taken as conclusively settled that by the law of Wisconsin, at the time of the trial and sentence of the petitioner, the court in which he was tried and sentenced was a court *de jure*, and the judge who tried and sentenced him was at least judge *de facto*, and the sentence itself was

valid; and there is no ground on which this court can hold that sentence, or the imprisonment under it, to be a violation of the Constitution of the United States. *Norton* v. *Shelby County*, 118 U. S. 425; *In re Graham*, 138 U. S. 461; *In re Duncan, Petitioner*, 139 U. S. 449.

*Judgment affirmed.*