State v. Blancett, 24 N. M. 433.

[No. 2191, July 16, 1918.]
[Rehearing Denied Aug. 6, 1918.]
STATE v. BLANCETT.

SYLLABUS BY THE COURT.

1. Three requisites are necessary to constitute one an "officer de facto": (1) The office held by him must have a de jure existence, or at least one recognized by law; (2) he must be in actual possession thereof; and (3) his holding must be under color of title or authority.                 P. 446

2. The title of an officer de facto, and the validity of his acts, cannot be collaterally questioned in proceedings to which he is not a party, or which were not instituted to determine their validity.                 P. 447

3. It is relevant to show that the accused or an accomplice had money or other property in his possession which was the fruit of the crime.                 P. 449

4. The fact that defendant attempted to commit suicide was a circumstance which was properly to be taken into consideration by the jury in connection with all other facts and circumstances proven.                 P. 450

5. Remarks by bystanders unfavorable to the accused, to or in the presence of members of the jury, and over-

State v. Blancett, 24 N. M. 433.

heard by them, although reprehensible, are not ground for a new trial, unless it shall actually appear that a verdict of conviction was produced thereby.          P. 451

6.   When a party asks for a new trial on the ground of newly discovered evidence, he must show that such evidence could not have been discovered prior to the trial by the exercise of due diligence.          P. 453

7.   The mere fact that one or more of the jurors were, after their retirement and before the verdict, separated from the others, is not ground for a new trial, unless it appears that defendant was prejudiced thereby.          P. 453

8.   The prosecuting officer's exhibition of articles of personal property, models, weapons, implements, etc., by way of illustration, and their examination by the jury, is not error, whether the articles are in evidence or not.
          P. 456

9.   Any error in remarks of the district attorney was cured, where the court, on defendant's objection and request, admonished the jury to disregard argument upon any other consideration than that of the law and the evidence.
          P. 456

10.   Where the court on defendant's objection and request admonished the jury to disregard remarks of the district attorney, and defendant made no further request and saved no exception to such action, any error was not saved in a manner entitling defendant to a review.          P. 456

Appeal from District Court, Santa Fe County; Abbott, Judge.

E. W. Blancett was convicted of homicide and sentenced to death, and he appeals.   Affirmed.

A. B. RENEHAN, of Santa Fe, for appellant.

Edmund C. Abbott was not judge of the district court when jury was drawn, summoned and impaneled, or during the trial of this case, because he was an officer

of the national guard, an office incompatible with that of judge.

U. S. v. Harsha, 172 U. S. 567; State v. Jamison, 4 L. R. A. 79; 6 R. C. L. 65; 6 R. C. L. 62; art. 3, State Const.; 44 Am. St. 222; State v. Romero, 17 N. M. 81; Wills v. St. Paul, 16 L. R. A. 281; Beard v. City, 23 L. R. A. 402; sec. 4 art. 5, sec. 1 art 18, State Const.; People v. Purdy, 154 N. Y. 439; Peck v. Belknap, 130 N. Y. 384.

A man cannot at the same time be colonel in a United States regiment and a state officer.

Oliver v. Jersey City, N. J. L. 96.

An officer of the United States army, though on the retired list, cannot be mayor of· a city, treasurer of a county, member of the assembly and federal judge.

State v. Degrest, 53 Tex. 387; Hill v̇. Territory, 2 Wash. 147; State v. Mason, 61 Ohio St. 513.

A major of volunteers in the service of the United States cannot hold the office of auditor of public accounting.

Mehringer v. State, 20 Ind. 103.

There is incompatibility between the holding of federal and state offices at the same time by the same person.

United States v. Dietrich, 126 Fed. 676; Rodman v. Harcourt, 45 Mon. 224, 499; De Turk v. Commonwealth, 129 Pa. St. 161; 15 Am. St. Rep. 705.

A state senator cannot be paymaster in the army.

State v. Sadler, 25 Nevada 131.

Membership in Congress and incumbency of the supreme bench of a state are incompatible.

Calloway v. Sturm, 1 Reick (Tenn.) 764.

For other instances of official incompatibility, see:

23 A. & E. Ency, L. 334.

The choice of office of a disqualified person is ineffectual.

Speer v. Robinson, 29 Re. 531; State v. Swearingen, 12 Ga. 23; State v. Gastinel, 20 La. An. 114.

A judge cannot hold an office belonging to the executive department of the government.

Goodrich v. Mitchell, 68 Kans. 765, 104 Am. St. Rep. 429; State Bank v. Curan, 10 Ark. 142; People v. Sanderson, 30 Cal. 160.

By parity of reasoning a member of the legislative department cannot hold office in the executive or judicial departments of the government.

People v. Provines, 34 Cal. 520.

Judge Abbott's title to the office of judge cannot be sustained on the ground that he was de facto because it was challenged at the outset.

This is the rule in New York.
Williams v. Boynton, 147 N. Y. 426.

Abbott's right to sit was questioned in the very beginning.

Perjury cannot be predicated upon an oath administered by or under authority of a de facto officer, and therefore there was no sanction to the oaths administered in this trial.

Rex v. Verelst, 3 Camb. 432; Biggerstaff v. Commonwealth, 11 Bush. 172; State v. Hayward, 1 Nott. M. (S. C.) 546; Muir v. State, 8 Blackf. (Ind.) 154.

It is an unquestioned rule that an officer vacates his office by the acceptance of another place in the public service, the functions and duties of which are incompatible with those incident to the office first held.

State v. Blancett, 24 N. M. 433.

Rex v. Patteson, 4 B. & Ad. 9, 24 E. C. L. 11; Rex v. Trelawney, 4 Com. Dig. 267; Rex v. Hughes, 5 B. & C. 886; Packingham v. Harper, 66 Ill. App. 96; People v. Hanifan, 96 Ill. 420, affirming 6 Ill. App. 158; Burgess v. Davis, 37 Ill. App. 353; Kerr. v. Jones, 19 Ind. 351; State v. Jones, 19 Ind. 356, 81 Am. Dec. 403; Dailey v. State, 8 Blackf. (Ind.) 329; Bryan v. Cattell, 15 Iowa 538; Wilson v. King, 3 Litt. (Ky.) 457, 14 Am. Dec. 84; Goodloe v. Fox, 96 Ky. 627; Page v. Hardin, 8 B. Mon. (Ky.) 648; Rodman v. Harcourt, 4 B. Mon. (Ky.) 226; State v. Newhouse, 29 La. Ann. 824; State v. Arata, 32 La. Ann. 193; State v. Dellwood, 33 La. Ann. 1229; State v. West, 33 La. Ann. 1261; Stubbs v. Lee, 64 Me. 195, 18 Am. Rep. 251; Northway v. Sheridan, 111 Mich 18; Attorney General v. Detroit, 112 Mich. 145; State v. Lusk, 48 Mo. 242; State v. Bus, 135 Mo. 325; State v. Parkhurst, 9 N. J. L., 427; Van Orsdall v. Razard, 3 Hill (N. Y.) 243; People v. Green, 5 Daly (N. Y.) 254; People v. Nostrand, 46 N. Y. 375; People v. Carrique, 2 Hill (N. Y.) 93; People v. Fire Com'rs, 76 Hun (N. Y.) 146; State v. Thompson, 122 N. Car. 493; Com. v. Northumberland County, 4 S. & R. (Pa.) 275; State v. Goff, 15 R. I. 505, 2 Am. St. Rep. 921; State v. Buttz, 9 S. Car. 156; Calloway v. Sturm, 1 Heisk. (Tenn.) 764; Biencourt v. Parker, 27 Tex. 558; ex p. Call, 2 Tex. App. 497; State v. Brinkerhoff, 66 Tex. 45; Beazeley v. Stinson, Dall. (Tex.) 537.

The effect of Abbott's acceptance of the office of colonel, in the United Startes Army, when the New Mexico national guard was added to that force, was ipso facto to vacate his office of judge.

Mechem Pub. Off., sec. 420; Tiedman, Mun. Corp., p. 133; 1 Dill. Mun. Corp., p. 308; Stubbs v. Lee, 64 Me. 195, 18 Am. Rep. 251; Nagie v. Stoddard, 25 Conn. 565, 68 Am. Dec. 375; State ex rel. Metcalf v. Goff, 15 R. I. 505. 9 Atl. 226; People ex rel. Stephen v. Hanifan, 96 Ill. 420; State ex rel. Walker v. Bus, 135 Mo. 325, 33 L. R. A. 616, 36 S. W. 636; Kerr v. Jones, 19 Ind. 351; State ex rel. Cornwell v. Allen, 21 Ind. 516; Peo-

ple ex rel. Whiting v. Carrique, 2 Hill 93; People ex rel. Kelly v. Brooklyn, 77 N. Y. 503, 33 Am. Rep. 659; Attorney General ex rel. Moreland v. Detroit, 112 Mich. 145, 37 L. R. A. 211, 70 N. W. 450; State v. Parkhurst, 9 N. J. L. 427, Appx.; Bishop v. State ex rel. Griner, 149 Ind. 223, 39 L. R. A. 278, 48 N. E. 1038; 19 Am. & Eng. Enc. L., p. 562b; Dialey v. State ex rel. Huffer, 8 Blackf. 329; Howard v. Shoemaker, 35 Ind. 111; People ex rel. Grogan v. Glass, 19 App. Div. 454, 46 N. Y. Supp. 572; Louisville v. Higdon, 2 Met. (Ky.) 526; Relender v. State ex rel. Utz, 149 Ind. 283, 49 N. E. 30.

If Edmund C. Abbott were duly elected and qualified as district judge, his voluntary enlistment or entry into the military service of the United States vacated the civil office, as a constructive resignation by abandonment.

State v. Allen, 21 Ind. 516; Baker v. Wambaugh, 99 Ind. 312; Osborne v. State, 128 Ind. 129; Relender v. State, 149 Ind. 283-288.

Abbott was neither a de jure nor a de facto judge. His attendance was occasional and incidental, rather than regular and habitual, or formal and general.

Wilcox v. Smith, 5 Wend. 231, 21 Am. Dec. 213; Hussey v. Smith, 99 U. S. 20, 25 L. ed. 314; People v. Cook, 8 N. Y. 67, 59 Am. Dec. 451; State v. Newhouse, 29 La. Ann. 824; Biencourt v. Parker, 27 Tex. 558; Howard v. Shoemaker, 35 Ind. 111.

Even if the acts of Abbott could be upheld as having been done by a de facto officer, in this case they cannot be sustained, because, under that rule, only such acts as affect the public and innocent third person, dealing with public officers in good faith, are upheld.

Mech Pub. Off., para. 328; 8 Am. & Eng. Enc. L., 2nd ed., pp. 820, 821; King v. Bedford Level, 6 East. 356; Knowles v. Luce, F. Moore, 109; St. Luke's Church v. Mathews, 4 Desauss. Eq. 578, 6 Am. Dec. 619; State

ex rel. Cosgrove v. Perkins, 139 Mo. 106, 40 S. W. 650; Williams v. Boynton, 147 N. Y. 426, 42 N. E. 184; re Quinn, 152 N. Y. 89, 46 N. E. 175; Conway v. St. Louis, 9 Mo. App. 488; State ex rel Van Amringe v. Taylor, 108 N. C. 196, 12 L. R. A. 202, 12 S. E. 1035; Dabney v. Hudson, 68 Miss. 292, 8 So. 545; State ex rel. Dugan v. Farrier, 47 N. J. L. 383, 1 Atl. 751; State ex rel. Hugg v. Blivins, 59 N. J. L. 139, 36 Atl. 685; State v. Carroll, 38 Conn. 449, 9 Am. Rep. 409; Oliver v. Jersey City, 48 L. R. A. 412.

Abbott was a mere intruder or usurper.

Denny v. Mattoon, 2 Allen 361, 79 Am. Dec. 784; Van Amringe v. Taylor, 108 N. C. 196; Hand v. Deady, 79 Hun. 75.

Judicial notice will be taken of Abbott's military standing and position.

15 L. R. A. 1108.

A constitutional provision that an officer shall hold until his successor is elected and qualified applies only where the term of office of the incumbent has expired, and not to a case of vacancy caused by resignation or otherwise than the ending of the term.

State v. Puge, 50 Pac. 719, 20 Mont. 238.

But leaving of office under circumstances warranting the inference that abandonment was intended is sufficient to create a vacancy without judicial determination.

Attorney General v. Mayberry, 104 N. W. 234, 141 Mich. 31, 113 A. S. R. 512.

An office holder, by accepting another office incompatible with the one held by him, thereby resigns the one first held.

Stubbs v. Lee, 64 Me. 195, 18 Am. Rep. 251; Northway v. Sheridan, 69 N. W. 82, 111 Mich. 18; Attorney

State v. Blancett, 24 N. M. 433.

General v. Commonwealth, 70 N. W. 450, 37 L. R. A. 211; Dust v. Oakman, 86 N. W. 151, 86 Am. St. Rep. 574; State v. Parkhurst, 9 N. J. L. 427; People v. Dillon, 56 N. Y. Supp. 416.

Notwithstanding sec. 2, art XX, State Constitution, that "every officer, unless removed, shall hold his office until his successor has duly qualified," a man may quit, vacate, abandon his office, and it is nowhere the construction of such provisions that it is in the power of the individual office holder to ignore his office and keep it too.

Holdover provisions apply only to such officers as have filled out the full term.

Hyde v. State, 52 Miss. 665.

The case of State ex rel. Walker v. Bus, 135 Mo. 325, 33 L. R. A. 616, holds that an office is ipso facto vacated by the acceptance of an incompatible office, and the holder cannot be reinstated in the former by subsequently resigning the latter; in other words, a vacancy resulting ipso facto remains a vacancy, and cannot be filled by the individual act of the individual thus quitting it.

Incompatibility is not limited to cases of conflict of duty.

At common law positions were held to be incompatible when the multiplicity of business connected with them would prevent an individual from administering each with care and ability.

Bacon Abr. title "Officers," k-2.

It was error for court to permit inquiry of defendant's doings after the commission of the homicide.

121 Mo. 405, 26 S. W. 347.

The court erred in permitting evidence of defendant's attempted suicide.

State v. Coudoutte, 7 N. D. 109; State v. Jaggers, 58 Atl. 1014, is opposed to sound reason.

State v. Blancett, 24 N. M. 433.

Prevalence of the mob spirit, and court's confession of inability to control it, denied defendant due process of law.

Frank v. State, 141 Ga. 243, 142 Ga. 741, L. R. A. 1915, D. 817; Roper v. Terr., 7 N. M. 263; 6th Amend. to Const. U. S.; Cartwright v. State, 16 Tex. App. 473; Robinson v. State, 65 S. E. 792; sec. 14, art. 2, State Const.; Manning v. State, 39 S. W. 118; Collier v. State, 42 S. E. 266; Owens v. State, 64 Tex. 500; State v. Gray, 172 Mo. 430; State v. Landry, 74 Pac. 418; State v. Rea, 81 Pac. 842; Hamilton v. State, 37 S. W. 431.

New trial should have been granted on ground that it was discovered that defendant was mentally incompetent at time of homicide.

Schussler v. State, 19 Tex. App. 472.

New trial should have been granted because jury separated.

U. S. v. Swan, 7 N. M. 306; U. S. v. Cook, 15 N. M. 124; Ter. v. Clark, 15 N. M. 35; State v. Sansone, 116 Mo. 1; Wylie v. State, 31 Tenn. 256; Wilson v. State, 18 Tex. App. 576.

When a juror was seen conversing with an outsider so that prejudice might arise, it devolved upon the state to show that the conversation was harmless and without prejudice.

Vowell v. State, 78 S. W. 762; Gamble v. State, 33 So. 471, 60 L. R. A. 547, 103 Am. St. Rep. 150; State v. Mogan, 64 Pac. 356; State v. Harrison, 36 W. Va. 729, 18 L. R. A. 224; State v. Cotts, 49 W. Va. 615, 55 L. R. A. 176.

The burden is upon the state to show beyond a reasonable doubt that the prisoner has suffered no injury by reason of the separation.

State v. Morgan, 64 Pac. 356; State v. Harrison, 36 W. Va. 729, 18 L. R. A. 224; State v. Cotts, 49 W. Va. 615, 55 L. R. A. 176.

Where there is reasonable ground to suspect that certain of the jurors were coerced to assent to the verdict of conviction, a presumption of prejudice arises in the absence of clear proof to the contrary.

Brown v. State, 127 Wis. 193.

That the defendant was prejudiced by the address of the district attorney to the jury on the subject of the Santa Fe Trail, etc.   (R. pp. 95, 96.)

People v. Ah Len, 62 Cal. 282; Col v. Van Why, 33 Colo. 313; People v. Fielding, 158 N. Y. 542, 46 L. R. A. 641; Lanbach v. State, 12 Tex. App. 583; Moore v. State, 21 Tex. App. 668; People v. Gorey, 157 N. Y. 332.

The court erred in permitting the district attorney to exhibit to the jury particular written exhibits in the case and to point out particular letters and parts thereof, for the reason that it was argument out of place and in form testimony by the district attorney rather than by witnesses.

Peaden v. State, 35 So. 204.

HARRY L. PATTON, Attorney General, and C. A. HATCH, Assistant Attorney General, for the State.

Judge Abbott was at least a de facto judge.

Constanineau on the De Facto Doctrine, sec. 26; Mechem on Pub. Officers, sec. 317; 29 Cyc. 1390-93; in re Krickbaun's Contested Election, 70 Atl. 852, 221 Pac. 521; Chandler v. Starling, 19 N. D. 144, 121 N. W. 198; Howard v. Burke, 248 Ill. 224, 93 N. E. 775; Bedingfield v. First Nat. Bank, 4 Ga. App. 197, 61 S. E. 30; Huston v. Anderson, 145 Cal. 320, 78 Pac. 626; State v. Carroll, 38 Conn. 449, 9 Am. Rep. 409; Butler v. Phillips, 38 Colo. 378, 88 Pac. 480, 12 Ann. Cas. 204; State v. Messervy, 86 S. C. 503, 68 S. E. 766; Rosetto v. City of Bay St. Louis, 97 Miss. 409, 52 So. 785; State

v. Bartlett, 35 Wis. 287; State ex rel. Buckner v. City of Butte, 41 Mont. 377, 109 Pac. 710; Town of Susanville v. Long, 144 Cal. 362, 77 Pac. 987.

Assuming appellant's contention is correct, Judge Abbott's office was not vacant.

Haymaker v. State ex rel. McCain, 22 N. M. 400; Oliver v. Mayor, etc., 44 Atl. 709, 48 L. R. A. 412, 76 Am. St. R. 228.

A vacant chair does not make a vacant office.

Oliver case, supra.

Judge Abbott was not a mere intruder.

Mechem on P. Off., sec. 321; Throup on P. Off., sec. 627.

This conclusion brings us to our original proposition, which was that if an officer is a de facto, or for that matter a de jure, officer, his authority cannot be questioned in a collateral proceeding such as this, but it can only be questioned in an action by the state and to which the officer is a party. In support of this proposition we quote and cite the following authorities, which, we think, conclusively establish our position in this regard:

In 23 Cyc. at page 621; Throup on Pub. Officers, sec. 651; Mechem Pub. Off., sec. 330; ex parte Sheehan, 23 Am. St. R. 374; State v. Sadler, 26 So. 390, 15 R. C. L. sec. 10; Manning v. Weeks, 139 U. S. 504; State v. Ely, 113 N. W. 711, 14 L. R. A. (N. S.) 638; Comm. v. Tabor, 123 Mass. 253; ex parte Dones, 10 Porta Rico, 170; in re Danford, 157 Cal. 425; State v. Bednar, 121 N. W. 614; Walcott v. Wells, 21 Nev. 47, 24 Pac. 367, 37 Am. St. Rep. 47, 9 L. R. A. 59; Ball v. U. S., 140 U. S. 118, 11 Sup. Ct. 761, 35 L. Ed. 377; ex parte State, 142 Ala. 87, 38 So. 835, 110 Am. St. Rep. 20; Butler v. Phillips, 38 Colo. 378, 88 Pac. 480, 12 Ann. Cas. 204; Plymouth v. Painter, 17 Conn. 585, 44 Am. Dec. 574; State v. Lewis, 107 N. C. 967, 12 S. E. 457, 11 L. R. A. 105; in re Comm., 62 Kan. 271, 62 Pac. 661, 84 Am. St.

Rep. 382; Case v. State, 5 Ind. 1; Walker v. State, 142 Ala. 32, 38 So. 241; Byers v. Harris, 77 N. J. L. 304, 72 A. 136; Coyle v. Commonwealth, 104 Pac. 117; People v. Melton, 40 Cal. 648; State v. Williams, 61 Kan. 739, 60 Pac. 1050; People v. Gobles, 67 Mich. 475, 35 N. W. 91; Coyle v. Sherwood, 1 Hun. (N. Y.) 272; Briggs v. Vose, 73 Kan. 418, 85 Pac. 571; Hamilton v. State, 40 Tex. Cr. Rep. 464, 51 S. W. 452; sec. 316 subdivision 3 of Bishop's New Criminal Procedure.

The two offices are not incompatible.

Haymaker case, supra; People v. Green, 58 N. Y. 295.

Possession, use and disposition of property of deceased is always admissible against the slayer.

12 Cyc. 399.

Evidence of attempted suicide was admissible.

State v. Jagers, 58 Atl. 1014, 108 Am. St. R. 746; People v. Duncan, 103 N. E. 1043.

Remarks or applause of by-standers is not ground for new trial unless it appears that conviction was secured thereby.

12 Cyc. 730.

See, also, the following cases: Burns v. State, 89 Ga. 527, 15 S. E. 748; State v. Dusenberry, 112 Mo. 277, 20 S. W. 461; State v. Jackson, 112 N. C. 851, 17 S. E. 149; State v. Windly, 119 La. 139, 43 So. 948, 121 Am. St. Rep. 407, 12 L. R. A. (N. S.) 98; State v. Gray, 172 Mo. 430, 72 S. W. 698; State v. Thomas, 34 Iowa 717, 109 N. W. 900.

To secure new trial on ground newly discovered evidence party must show that such evidence could not have been discovered prior to trial, by exercise of due diligence.

State v. Gonzales, 19 N. M. 467; State v. Graves, 21 N. M. 556.

In absence of showing of prejudice mere separation
of jury temporarily is not error.

12 Cyc. 723; Terr. v. Chenowith, 3 N. M. 318; Roper
v. Territory, 7 N. M. 255, 33 Pac. 1014; Territory v.
Nichols, 3 N. M. 76, 2 Pac. 78; Nabors v. State, 120
Ala. 323, 25 So. 529; Van Dalsen v. Com., 28 Ky. L. R.
238, 89 S. W. 255; Riley v. State, 95 Ind. 446; State v.
Williams, 76 S. C. 135, 56 S. E. 783; Gott v. People, 187
Ill. 249, 58 N. E. 293; Crockett v. State, 52 Wis. 211,
38 Am. Rep. 733; State v. Olberman, 33 Ore. 556, 55
Pac. 860; Cooper v. State, 120 Ind. 377, 22 N. E. 320;
State v. Spough, 200 Mo. 571, 98 S. W. 55; Louder v.
State, 46 Tex. Cr. Rep. 121, 79 S. W. 552; Territory v.
Hart, 7 Mont. 489, 17 Pac. 718; Skater v. State, 64
Miss. 644, 60 Am. Rep. 70, 1 So. 843.

Defendant waived objection to separation of jury by
not calling its attention thereto.

Polin v. State, 16 N. W. 898; Henning v. State, 55
Am. R. 756; State v. Blunt, 19 N. W. 650.

Exhibition by prosecuting attorney of articles not er-
ror, whether admitted in evidence or not.

12 Cyc. 572.

Remarks cannot be considered by court.

Terr. v. Torres, 16 N. M. 615; Terr. v. Chamberlain,
8 N. M. 583; Chacon v. Terr., 7 N. M. 241; State v.
Graves, 21 N. M. 556.

### OPINION OF THE COURT.

HANNA, C. J. The appellant, E. W. Blancett, was
indicted, tried, and convicted in the district court of
Santa Fe county for the murder of Clyde D. Armour.
From the judgment of the court imposing a sentence
of death, the appellant has prayed this appeal, alleg-
ing as a first ground of error that Hon. Edmund C.
Abbott was not judge of the district court for Santa
Fe county at any time pertaining to the trial of said
case.

[1] This assignment of error is based upon several propositions: First, that at the time of the trial Judge Abbott was a colonel of the New Mexico National Guard actively engaged in the service of the United States government, and that the two offices, colonel of the state troops and judge of the district court, are incompatible. Second, Judge Abbott by his retention of his military office vacated his office as judge, so that when he attempted to exercise the functions of judge of the district court he was an intruder and usurper. A further proposition is also urged to the effect that, by a voluntary enlistment or entry into the military service of the United States, Judge Abbott vacated or abandoned the civil office through the undertaking of his military duties. After a careful consideration of the briefs and arguments of counsel, we have concluded that it is unnecessary to determine, for the purposes of this case, whether or not Judge Abbott was a judge de jure. That he was a judge de facto, we have no doubt. Constantineau on the De Facto Doctrine, § 26, prescribes three requisites necessary to constitute one an ''officer de facto:'' 1. The office held by him must have a de jure existence, or at least one recognized by law; (2) he must be in actual possession thereof; and (3) his holding must be under color of title or authority. The author says that without the existence and concurrence of these three elements no person can be regarded as an officer de facto. This view is concurred in by Mechem on Public Officers, §§ 317-326, inclusive; 29 Cyc. 1390 et seq. An instructive case more nearly in point than any other called to our attention is that of Oliver v. Jersey City, 63 N. J. Law, 634, 44 Atl. 709, 48 L. R. A. 412, 76 Am. St. Rep. 228. In this case it was held that:

"An officer legally elected and qualified, who enters upon the duties of his office, and afterwards is appointed to and accepts another office, but in good faith continues to publicly discharge the duties of the first, his term not having expired, and no successor having been appointed or elected in his stead, nor any adjudication made against his title, is an officer de facto."

State v. Blancett, 24 N. M. 433.

We agree with the holding of the New Jersey court and find it decisive of the case at bar.

In arriving at this conclusion we are not unmindful of appellant's contention that he did not deal with Abbott as judge, but raised the question promptly and persistently in his challenge throughout the course of the trial. This we will give further consideration.

If Judge Abbott were to be considered, or should be considered, an intruder or usurper into the office of district judge at the time of the trial in the district court, there would doubtless be merit in appellant's position; but in the light of our holding in the Haymaker case Judge Abbott cannot be so considered. In Haymaker v. State ex rel. McCain, 22 N. M. 400, 163 Pac. 248, L. R. A. 1917D, 210, this court held that, though offices are incompatible under the statutory rule providing that an office becomes vacant when an officer accepts and undertakes to discharge the duties of another incompatible office, yet under the provisions of the constitution no public office becomes vacant in the sense that a corporeal vacancy arises, but a condition results conferring a right on the appointing or electing power to appoint or elect some person to the office in the place of the occupant. Our conclusion in the Haymaker case is based upon the constitutional provision that:

"Every officer unless removed, shall hold his office until his successor has duly qualified." Section 2, art. 20, Const. 1.

It is unnecessary to decide whether the two offices of colonel and district judge are in fact incompatible, as in our view of the matter it might be conceded that they are, nevertheless there was no actual vacancy in the office of district judge under our holding in the Haymaker case, and there cannot be any serious contention that the acceptance of the military office created a corporeal vacancy in the civil office.

[2] Reverting to appellant's argument that, because he challenged the authority of Judge Abbott, he may

be permitted to raise the question here, we have this to say: That it has been generally held:

"That the title of the officer de facto, and the validity of his acts, cannot be collaterally questioned in proceedings to which he is not a party, or which were not instituted to determine their validity." Mechem on Public Officers, § 330.

See, also, 23 Cyc. 621; in re Manning, 139 U. S. 504, 11 Sup. Ct. 624, 35 L. Ed. 264; Throop on Public Officers, 651; Commonwealth v. Taber, 123 Mass. 253.

In the Massachusetts case it was contended that the holding of the executive office of mayor of the city of New Bedford being an incompatible office, precluded the exercise of judicial power by the incumbent as a judge within the same territory. The court said:

"* * * He was at least a judge de facto, his jurisdiction could not be controverted upon this ground, nor the question whether the two offices were incompatible be tried, in a proceeding to which he was not a party."

See, also, ex parte Sheehan, 122 Mass. 445, 23 Am. Rep. 374. In 15 R. C. L. p. 519, the rule is thus stated:

"The rightful authority of a judge, in the full exercise of his public judicial functions, cannot be questioned by any merely private suitor, nor by any other, excepting in the form especially provided by law. A judge de facto assumes the exercise of a part of the prerogative of sovereignty, and the legality of that assumption is open to the attack of the sovereign power alone."

The author continuing states that the rule is the same in civil and criminal cases, and that the principal is one founded in policy and convenience, for the right of no one claiming a title or interest under or through the proceedings of an officer having an apparent authority to act would be safe, if it were necessary in every case to examine the authority of such officer to its original source.

Appellant seriously contends that, by reason of the fact that under article 3 of the state constitution no

person charged with the exercise of powers properly be-longing to one of the departments of government shall exercise any powers properly belonging to any of the others, except as in the constitution otherwise express-ly permitted, Judge Abbott was not eligible to or cap-able of holding the office of judge. We deem it unnec-essary to consider the authorities cited, because, in our view of the matter, it might be assumed that Judge Abbott was disqualified in the respect pointed out, and in proper proceedings instituted for the purpose he might have been removed from the judicial office, never-theless he was at least a de facto judge while he was in possession of the office under color of title or authority. Commonwealth v. Kerby, 2 Cush. (Miss.) 577.

Our conclusion therefore is, in substance, that Judge Abbott, even though not an officer de jure, was an of-ficer de facto, and therefore his authority was not sub-ject to collateral attack. We find no merit in appel-lant's attack upon his qualification.

[3] The next error presented for our consideration is not seriously urged. It is, however, asserted that the court fell into error in permitting inquiry as to certain of the defendant's actions after the homicide. The evi-dence complained of had to do with the sale of the auto-mobile owned by the deceased, certain telegrams sent by defendant directing the forwarding of money of the deceased on deposit elsewhere, the possession by defend-ant of the valise of the deceased, and other acts of simi-lar character. In this connection, it is urged that such evidence did not show motive, malice, premeditation, or deliberation with respect to the homicide. It has been held that it is relevant to show that the accused or an accomplice had money or other property in his pos-session which was the fruit of the crime. See cases col-lected in note to text in 12 Cyc. 399. It cannot be very seriously urged in this case that the possession of the property of the deceased, or the attempt to realize up-on funds of the deceased on deposit elsewhere, the sale of the automobile, and the other circumstances referred

to, not going to show motive, were not properly admissible, and are not circumstances tending to connect the defendant with the commission of the crime charged. In this connection, it must be borne in mind that it was not apparent, at the time that the state was putting in its case in chief, that the defendant would admit his presence upon the scene, or his connection with the crime, and the evidence in question tending to connect him therewith was admissible at the time offered.

[4] It is next contended that the court erred in admitting in evidence and in instructing the jury that it might consider proof of the attempt of the appellant to commit suicide. It is urged in this connection that proof of the attempted suicide is not analogous to flight and does not involve any suggestion of guilt. It is urged that in the case of State v. Coudotte, 7 N. D. 109, 72 N. W. 913, the court held that there is no presumption of guilt arising from the fact that the person charged with crime, and while in confinement and before trial, attempts to commit suicide. It is suggested that the case of State v. Jaggers, 71 N. J. Law, 281, 58 Atl. 1014, 108 Am. St. Rep. 746, while holding to the contrary, is not supported by reason or authority. We, however, do not agree with appellant's contention in this respect. Other than the cases cited by appellant, our attention is directed by the state to the case of People v. Duncan, 261 Ill. 339, at 353, 103 N. E. 1043, 1049; the Supreme Court of Illinois in that case held that:

"The fact that defendant attempted to commit suicide was a circumstance which was proper to be taken into consideration by the jury in connection with all the other facts and circumstances proven."

The three cases referred to are the only cases to which our attention has been directed, and a diligent search has failed to disclose others. As pointed out in the Illinois case, it has been universally held that the escape from custody or flight of one accused of crime may be proven upon the trial as a fact raising the pre-

State v. Blancett, 24 N. M. 433.

sumption of guilt. It was contended in that case, as in the case at bar, that an attempt at suicide is not analogous to flight or escape from custody, for the reason that in fleeing the accused is attempting to escape punishment entirely, and in attempting suicide, he is endeavoring to inflict upon himself the highest punishment known to the law. It is also pointed out that many people commit suicide who are charged with no offense and who do so for various and sometimes trivial reasons. It may be, furthermore, that one guilty of the charge might prefer to avoid the humiliation and disgrace of conviction and endeavor to escape the punishment imposed by law by taking his life. While it might be doubted in some cases that an attempt at suicide was a confession of guilt, yet it must be evident that an attempt at suicide is somewhat akin to flight and should be taken into consideration by the jury in connection with all the other facts and circumstances in the case. We find no error in this connection.

[5] It is contended that the appellant was denied due process of law and a fair and impartial trial by reason of the mob spirit alleged to have prevailed in the courtroom during the trial, and the court's alleged confession of inability to control it. It is pointed out that the court at one stage of the case remarked:

"I regret very much that the audience does not observe the caution of the court. Of course, that is beyond my power. * * * I have cautioned the audience three times tonight."

This is said to be a confession of the court's inability to give the defendant a fair and impartial trial.

It appears from an examination of the record that certain persons in the audience were guilty of some show of levity arising out of passages between counsel for defendant and a witness. The court cautioned the audience a number of times in this connection, and on the following morning instructed the jury that it was to pay no attention to any kind of applause or expression from anybody in the audience, and that the jury

was to disregard everything of that character and be governed in its verdict solely by the law and the evidence in the case. The occurrence in question was further explained by the court in its order overruling a motion for a new trial and in an affidavit by the district attorney. There is no showing in the record that there was any evidence of mob spirit calculated to influence the jury, or that the jury was in any way influenced by the levity which brought out the objection of the defense. It is laid down as a rule that:

"Remarks of bystanders unfavorable to the accused, to or in the presence of members of the jury, and overheard by them, although reprehensible, are not ground for a new trial, unless it shall actually appear that a verdict of conviction was produced thereby." 12 Cyc. 730; State v. Wimby, 119 La. 139, 43 South. 984, 12 L. R. A. (N. S.) 98, 121 Am. St. Rep. 507, 12 Ann. Cas. 643; State v. Thomas, 135 Iowa, 717, 109 N. W. 900.

In the last case there was misconduct on the part of the attendants at a trial for homicide consisting of demonstrations by way of hissing and other indications of disapproval of the objections and arguments of defendant's counsel. The court held that these were not grounds for a new trial where there was no showing that the jury were in any way subjected to popular pressure or undue influence. It is apparent in the case at bar that the trial court was not only prompt in cautioning the audience in attendance at the trial, but also in instructing the jury to disregard any demonstrations by the audience. There is nothing to indicate that the jury was in any wise influenced by what occurred. In a case where some of the bystanders applauded the argument of the prosecuting attorney, it was held not to be ground for a new trial where the applause was promptly checked and it appeared probable that the jury was not prejudiced against the accused thereby. Debney v. State, 45 Neb. 856, 64 N. W. 446, 35 L. R. A. 851. Nothing as serious as this appears to have occurred in the trial in the case at bar, and we therefore

conclude that there has been no such showing as would justify a conclusion that error resulted in the manner complained of.

[**6**] It is urged that the court should have granted a new trial because of newly discovered evidence. The evidence in question is that of the witness Dr. David Knapp and is fully set forth in his affidavit attached to the motion for a new trial. The affidavit deals entirely with the alleged mental condition of the accused. There is no showing or argument made that the alleged mental disorder of the accused could not have been discovered by the exercise of due diligence prior to the date of the trial. It is argued, however, that Dr. Knapp could not testify as to the condition of the defendant until after he had had opportunity to observe the conduct of the defendant during and throughout the course of the trial; but this contention is not sufficient, as there is no showing that the testimony of other competent and able physicians could not have been had. If appellant's contention in this respect was correct, it would be necessary, as pointed out by the attorney general, that every criminal case should be tried a second time because of newly discovered evidence in this respect. It has been well established in this jurisdiction that, when a party asks for a new trial on the ground of newly discovered evidence, he must show that such evidence could not have been discovered prior to the trial by the exercise of due diligence. State v. Gonzales, 19 N. M. 467, 144 Pac. 1144; State v. Graves, 21 N. M. 556, 157 Pac. 160.

[**7**] The next assignment of error is that the appellant should have been allowed a new trial because of the separation of a juror, Mr. McCrimmon, from his fellow jurors. In the affidavit attached to the motion for a new trial, it was alleged that the juror McCrimmon was permitted to separate from the rest of the jurors and hold a telephone conversation with his wife, and that on one occasion he was allowed to separate from the rest of the jurors for the purpose of taking

a bath, at which time he was accompanied by the sheriff.

It is now well established that no merely temporary separation of the jury is sufficient to justify a reversal, if during the time of the separation they are in the charge of an officer and he keeps them in his actual sight and hearing, or when this is not possible the circumstances are such that it is apparent that they have not been tampered with or influenced to the prejudice of the defendant. It has also been held in a number of cases that the mere fact that one or more of the jurors were, after their retirement and before the verdict, separated from the others, is not ground for a new trial, unless it appears that defendant was prejudiced thereby. These rules are supported by a long line of authorities collected in the notes to the text in 12 Cyc. 724. We are not unaware of the fact that some cases hold that there is a presumption of injury from the mere fact of separation, and that a separation after retirement is ground for a new trial, although it does not affirmatively appear that the jury was tampered with, or that the accused was in any way prejudiced.

There is no attempt to show, in the case at bar, either that the jury actually was in fact tampered with, or that the defendant was in any way prejudiced. We believe that the great weight of authority is in favor of the necessity of showing prejudice and that sound reason supports the rule requiring a showing of prejudice. See, also, Territory v. Chenowith, 3 N. M. 225, 5 Pac. 532; Roper v. Territory, 7 N. M. 255, 33 Pac. 1014; Territory v. Nichols, 3 N. M. 103, 2 Pac. 78. The three New Mexico cases referred to follow the majority rule, and we see no reason to depart therefrom. See, also, State v. Starr, 24 N. M. 180, 173 Pac. 674.

It is next contended that the court erred in admitting in evidence a certain promissory note of the Sioux City Gas & Electric Company for $450, with indorsements thereon, on the ground that no foundation was laid anywhere in the evidence for the introduction of such exhibit, and because all testimony concerning the same in

its relation to the defendant was hearsay, irrelevant, and incompetent. This matter is not argued, and the position of appellant is not made clear, further than as stated in the assignment of error, which we have quoted. It is apparent that appellant does not rely with any confidence upon this assignment, and we cannot see wherein he was prejudiced, if it should be assumed that the execution of the promissory note was not adequately proven. We find no merit in the assignment as presented for our consideration.

It is next urged that the court committed error in not permitting examination of the witness Antonio Sandoval y Griego as to the sobriety of one Zimmerman. This evidence was sought to be elicited from the witness by cross-examination and on the ground that the question was not proper cross-examination the answer was excluded by the trial court. An examination of the record convinces us that the objection was properly sustained, and the contention of the appellant without merit.

Under the next assignment of error, which is not argued, but under which is cited a number of cases, it is contended that the court erred in permitting the witness Raleigh Jennings to state the time it would take a person driving at ordinary speed in an automobile to come from the house of Antonio Sandoval y Griego to Santa Fe, for the reason that the same was without proper basis or foundation. This is apparently a technical objection which is doubtless made on the theory that the competency of the witness as an expert was not disclosed; it being merely brought out that he was a chauffeur who had made the trip in question on a number of occasions. There is nothing whatever in the record to indicate that the appellant was in any way harmed or prejudiced by the admission of the testimony in question, and on cross-examination appellant evidently disposed of the evidence to his entire satisfaction. We find no error in this regard.

[8] It is next urged that the court erred in permitting the district attorney to exhibit to the jury certain written exhibits in the case and to point out particular letters and parts thereof, for the reason that it was argument out of place and in form testimony by the district attorney rather than by witness. One case is cited in support of this contention, that of Peadon et al. v. State, 46 Fla. 124, 35 South. 204. We cannot consider the case referred to in point. It holds that trial judges should not permit private conferences between jurors and the district attorney. Nothing like this appears to have occurred in the instant case. It is laid down in 12 Cyc., at 572, that the exhibition by the prosecuting officer, of articles of personal property, models, weapons, implements, etc., by way of illustration, and their examination by the jury, is not error, whether the articles are in evidence or not. In the instant case it is not urged that the district attorney did more than to direct the attention of the jury to certain exhibits, and it is contended that this was "argument out of place and in form testimony by the district attorney rather than by witness." The record does not support the contention, and we find no error in this connection.

It is also contended that the record discloses that the defendant did not have a trial by a constitutional jury of 12 men. The record as first presented to our attention was subject to this objection; but upon the suggestion of the attorney general for diminution of the record an additional part of the record has been brought to this court, which discloses that the defendant was tried by a constitutional jury.

[9, 10] It was also argued that the defendant was prejudiced by the address of the district attorney to the jury on the subject of the Santa Fe Trail, etc. Remarks of the district attorney in this respect are shown in the motion for a new trial and in the record, and it appears, upon objection being made by defendant's counsel, the court admonished the jury to disregard the argument of counsel upon any other consideration than

that of the law and the evidence; that this admonition was given at the request of counsel for the defendant, after which defendant made no further or additional requests, and no exceptions were saved to the action of the trial court. If any error therefore existed, it was cured, or has not been saved in such a manner as to entitle the appellant to a review thereof.

Numerous other assignments of error were presented, but are not supported by argument or authority in this court, for which reason they have not been considered.

Finding no error in the record, the judgment of the trial court is affirmed, and it is so ordered.

PARKER and ROBERTS, J.J., concur.