[No. 3222. Feb. 20, 1929.]

STATE v. MERRITT.

[275 Pac. 770.]

Geo. W. Prichard and Chas. B. Barker, both of Santa Fe, for appellant.

Robert C. Dow, Atty. Gen., and Frank H. Patton, Asst. Atty. Gen., for the State.

## OPINION OF THE COURT

WATSON, J. Appellant was charged with murder in the first degree and convicted of voluntary manslaughter. On this appeal he presents two matters for review. First, misconduct of counsel for the state in argument to the jury; and, second, misconduct of the jury.

During the argument a number of objections and motions were made by appellant's counsel. It will be unnecessary to set forth the proceedings in full, since the matter is readily disposed of under former holdings of this court. The first objection was by way of a motion to strike, which the court overruled. The objection was not specific, and so appellant is not in a position to claim error on the ruling. State v. Sedillo, 24 N. M. 549, 174 P. 985.

It was next objected that a certain fact alluded to in the

argument was not in evidence. It was a fact having no bearing on the issues. The court admonished counsel:

"Confine yourself to the evidence."

Again objection was made to a reference to the effect the verdict might have on the community. The court admonished:

"I think you have touched on that phase of the case sufficiently."

No exceptions were taken to the manner in which the court disposed of these objections, nor was request made at the time for further action by the court. No error was preserved. Territory v. Torres, 16 N. M. 615, 121 P. 27; State v. Blancett, 24 N. M. 433, 174 P. 207; State v. Vaisa, 28 N. M. 414, 213 P. 1038.

At the close of the argument this occurred:

"Mr. Prichard: Now, may it please the court, I ask that his remarks about what the audience thinks and the other people, and the effect of the verdict on those people should be taken from the jury, and all that part of the speech referring to what the impression of the public would be, and the audience in this courtroom, and the school children, be taken from the jury, and the graveyard and all those things.

"The Court: It is hardly possible, after the argument is made, to withdraw it from the jury, and counsel for the defendant inferentially discussed the effect of the verdict. However, I will at this time remind the jury of the court's instructions, in which instructions they are informed that they are not to allow their prejudice or bias, nor what may be the effect of their decision, to influence their verdict in the case.

"Mr. Prichard: Exception.

"The Court: Gentlemen of the jury, as the court has heretofore given you in the general instructions, you are to decide the case solely upon the evidence as testified by witnesses from the witness stand, and the instructions of the court for the law of the case. These and these alone should affect your decision, nothing else should be considered by you, and your verdict should be based solely upon the evidence of the witnesses and the law as given you by the court. You may now retire to consider your verdict."

Two settled principles dispose of this matter. After the court had finally acted upon the motion, no exception was taken. State v. Blancett, supra. The remarks objected to were evidently considered by the court as in part, at least, retaliatory. The remarks of counsel for appellant, to which they were in answer, do not appear of

record. State v. Parks, 25 N. M. 395, 183 P. 433. We therefore find nothing in the conduct of counsel for the state which would warrant this court in granting a new trial.

By the motion for a new trial it was made to appear that after submission, and while the jury was deliberating, a juror called the bailiff and requested that the jury be supplied with the New Mexico statutes pertaining to the various degrees of murder, which request was complied with by furnishing the jury with the Code of 1915. It also appears, from the proceedings had upon the motion for a new trial, that the foregoing occurred at about 10:30 in the evening, and that one of the counsel for appellant immediately learned of it from the bailiff; that the verdict was not returned into court until 9 o'clock the following morning; and that the attention of the court was not called to the matter until after the verdict had been received.

The trial court, in passing upon the motion, indicated that he took seriously both the misconduct of the jury and the conduct of counsel in failing to call the matter to the court's attention. He overruled the motion upon the ground that the misconduct of the jury did not have such effect upon the rights of the accused as to entitle him to a new trial.

There is much to be said in favor of the trial court's view. What may have prompted the jury in desiring to examine the statutes, and what use may have been made of them, we do not assume to know. They may have wished to satisfy themselves as to the definitions of the several degrees of homicide. These definitions, however, were properly before the jury in the court's instructions. If that was the only use to which the statutes were put, it could not have prejudiced the accused. It is quite probable that the jury desired to ascertain the prescribed penalties for the several degrees of homicide. With that the jury has no concern in New Mexico. However, that is not a matter of vital importance to the fundamental rights of the accused. It is a matter of policy variously regulated in the different states. We are not called upon to

say what disposition should have been made of the objection, if it had been interposed seasonably. We may merely say that we are not sufficiently impressed with the probability of prejudice to the accused to set aside the verdict, without regard to the untimeliness of the objection.

It will not be questioned that it was the duty of counsel, upon learning of the irregularity, to bring it to the attention of the trial court, in order that he might deal with it as justice might seem to require. Whether, at that time, anything short of a mistrial would have cured the irregularity, we do not decide. That was a matter for the trial court, and not the counsel, to determine. The courts cannot countenance speculation upon the result of the deliberations of a jury.

The Attorney General contends that the conduct of counsel constitutes, in this case, a waiver of any right which the accused may have had to a mistrial. He cites 16 C. J., "Criminal Law," § 2670; Roberson v. State, 15 Ga. App. 545, 83 S. E. 877, and other cases. We agree with this view. In Fullen v. Fullen, 21 N. M. 212, 153 P. 294, we remarked in vigorous language upon the duty of counsel to assist the court in awarding exact justice as between the parties, and discountenanced the notion that a court is merely "a forum where one litigant may win a lawsuit against another." In Murry v. Belmore, 21 N. M. 313, 154 P. 705, we said that counsel "have no right to sit idly by and see error committed, affecting the interests of their client, without making an honest effort to avoid the error." Those were civil cases. But in State v. Clements, 31 N. M. 621, 249 P. 1003, we expressed our disinclination to award new trials for technical reasons, particularly where doing so would furnish incentive to counsel to be less than fair in their disclosures to the court. A criminal case strongly reflecting these views is Territory v. Lobato (on rehearing) 17 N. M. 684, 134 P. 222, L. R. A. 1917A, 1226.

We do not say that misconduct of a jury clearly injurious to an accused might not entitle him to a new trial, even though there had been a waiver of it by conduct of counsel. In such a case, if a new trial were to

be awarded, it would be under the inherent power of this court to protect the fundamental rights of an accused person, and not upon the legal right of the accused to demand the relief. See State v. Garcia (on rehearing) 19 N. M. 420, 143 P. 1014.

It follows that the judgment should be affirmed; and it is so ordered.

BICKLEY, C. J., and PARKER, J., concur.