32 P.(2d) 816

MARCUS v. ATLAS ASSUR. CO., Limited, et al.

No. 3880.

Supreme Court of New Mexico.

May 8, 1934.

329

W. A. Keleher and Marron & Wood, all of Albuquerque, for appellant.

Reid & Iden, of Albuquerque, for appellees.

WATSON, Chief Justice.

Benjamin Marcus separately sued nine insurers for fire loss on a stock of merchandise. There having been but a single fire, the suits were consolidated for trial and appeal. From a consolidated judgment for the defendants, plaintiff has appealed.

The first point relied on for reversal is stated thus:

"It was error for the court to require the plaintiff to classify and characterize his statements made during his proofs of loss as true or false before he would be permitted to explain what he meant and understood by the statements he made in order to show that such statements even though a proper construction of. the language would make them false that they were not deliberately or wilfully so, but stating the truth as he understood it."

On a former appeal [Marcus v. St. Paul Fire & Marine Insurance Co., 35 N. M. 471, 1 P.(2d) 567], we referred to an oral examination supplemental to the proofs of loss, to which appellant was subjected under the provisions of the policies. A transcript of it was in evidence as an exhibit at the first trial, as it was at the trial now to be reviewed. We deemed that exhibit sufficient evidence to require submission of the defense of attempting to collect for property known not to have been destroyed. We also said that "counsel were at liberty to urge that these inconsistent statements were explainable by misunderstanding, confusion and lapses of memory."

At the second trial, the transcript being in evidence, and disclosing on its face numerous admittedly false statements material to the defense mentioned, and appellant being on the stand and being interrogated by his counsel with a view to overcoming the appearance of fraud, by showing "misunder-

standing, confusion and lapses of memory," the ruling complained of occurred.

The ruling is thus stated in the record:

" * * * That the plaintiff would be required as a preliminary to asking the witness to explain statements made by him upon his testimony given before the notary, he must first be asked whether or not any given statement was true or false before he would be permitted to explain in what respects he misunderstood it or what he meant to convey by his answer."

This would seem a quite proper ruling, particularly in view of counsel's announced purpose of showing that what was untrue in the oral examination was not intentionally or willfully false. It would seem at least to be within that discretion which the trial judge must be accorded in controlling the proceedings.

Counsel argue that the requirement was prejudicial to the witness party. No more so, we think than the open admission of his counsel that there was much in the earlier answers of the witness that was untrue and must be explained. We do not think the ruling was intended unnecessarily to humiliate the witness, and it was not so enforced. The expression "true or false" was not insisted upon. The question was generally whether the statement was "true" or "true or untrue."

It is also argued that the ruling required the plaintiff to supply evidence of a fact on which the burden was on defendants, viz., that false statements had been made. We find no merit in this. According to the law of the case, defendants, by introducing the transcript of the oral examination, had already made prima facie proof of their defense. The transcript included plaintiff's original explanations of the untrue answers. He was not compelled to make further explanation. He did so on his own judgment or that of his counsel. Regarding these original statements he could give no new testimony which would aid the jury, without disclosing whether, as to each statement, he then adhered to or retracted it.

■ The second point presented is:

"The court erred in instructing the jury in answer to a juror's question that either party might take an appeal from this verdict."

The court of its own motion had the jurors brought in after they had been deliberating for some hours, and ascertained on inquiry that they stood divided eleven to one. He then instructed them in substantially the language set forth in Territory v. Donahue, 16 N. M. 17, 113 P. 601, here and commonly referred to as the "shotgun" instruction. The jury then retired and resumed its deliberation. Some time later, through its foreman, in open court, it "stated that some of the jurors wanted to know whether or not an appeal could be taken from the verdict of this jury." The court replied, "Yes, gentlemen, either party may take an appeal from your verdict, or rather, either party is entitled to the right of appeal from the judgment rendered in this case."

It is now urged as an evident fact that the one juror, after having been strongly persuaded by the "shotgun" instruction, was brought to surrender his conviction, in the belief that there could be an appeal in which the facts could be reviewed.

Assuming this to have been error, though not so deciding, the point is not available. Counsel for appellant, then present, failed to object, either to any answer to the inquiry or to the particular answer given. It is conceded that such failure would ordinarily be fatal to consideration of the point.

But it is urged:

" * * * In the stress and unexpected nature of the question, the neglect of counsel to immediately understand and apprehend the force and effect of such a question and answer, and immediately to challenge it, is putting a technicality in the path of manifest justice and is a bar to the plainly detrimental effect of a grave error in the court's instruction to the jury."

We cannot yield to this contention. More than a mere technicality is involved. In such a situation as this, the law's requirement of seasonable objection to an erroneous proceeding is the only barrier against speculation upon the result of the jury's deliberation, which the law cannot countenance. State v. Merritt, 34 N. M. 6, 275 P. 770, State v. Mersfelder (on second motion for rehearing), 34 N. M. 468, 284 P. 114. When the party's legal right to claim error has thus been lost, there remains the inherent power of the court to protect fundamental rights. We do not deem this a proper case for exercise of that power.

Finally, it is contended that the court erred in overruling appellant's motion to strike certain matter from the answer. As is well known, such motions ordinarily invoke the discretion of the court. We are not here persuaded of any abuse of that discretion, or of any substantial prejudice to the appellant.

The judgment must be affirmed. The cause will be remanded. It is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.