305 P.2d 723

STATE of New Mexico, Plaintiff-Appellee,

v.

Ladd I. EMBREY, Defendant-Appellant.

No. 6108.

Supreme Court of New Mexico.

Dec. 12, 1956.

Rehearing Denied Jan. 22, 1957.

G. T. Watts, Roswell, for appellant.

Richard H. Robinson, Atty. Gen., Santiago E. Campos, Paul L. Billhymer, Asst. Attys. Gen., for appellee.

KIKER, Justice.

In this case appellant was charged by the state with murder, and was convicted of involuntary manslaughter. The term used in the verdict is merely manslaughter, but an examination of the instructions shows that the subject of voluntary manslaughter was not included by the court in the charge to the jury.

After verdict, the defendant filed a motion to set aside the verdict and grant a new trial, alleging numerous grounds therefor.

After considerable testimony was heard by the court, the motion was overruled and this appeal was taken.

It is unnecessary to notice some of the grounds stated in the motion for the reasons that either no witness at all was heard, or no competent witness was heard, in support thereof.

We do take notice of two grounds stated in the motion for new trial: (1) while the trial was in progress one of the bailiffs, Rex Warren, not being a witness, held before the jury the pistol, which had been introduced in evidence through a witness, and explained to the jury the "workings and mechanisms of the weapon", which had been used in effecting the death of deceased; and (2) on one occasion, one of the men on the jury, accompanied by the bailiff Warren, separated briefly from the remainder of the jury, and on another occasion one of the ladies on the jury separated from the remainder, going to her car and remaining there a short time.

 It is undisputed that the bailiff, Rex Warren, being called upon by some members of the jury, took the gun and explained its makeup and how it worked to the jury, or at least in the presence of the whole jury, so that some of the jurors, if not all, heard what he had to say. The bailiff testified to this. This was done at a time when court had been called into session, and before any recess or adjournment had been taken. The trial judge and the attorneys for the parties were present. The position of the bailiff in this situation was that of a witness called by the jury, though not sworn. The testimony or declarations of any unsworn person, given or made in the presence of the trial judge and of the parties and their attorneys, under such circumstances that they knew or should have known what the unsworn individual was doing and saying, may be considered by the jury as is that of any sworn witness. Where no objection is promptly made to such a proceeding, it is too late to urge the objection on motion for new trial. Keeney v. State, 53 Okl.Cr. 1, 6 P.2d 833; State v. Doud, 190 Or. 218, 225 P.2d 400; 70 C.J. 487; 58 Am.Jur., "Witnesses" § 550; Wigmore, Evidence, 3rd ed., § 1819. Analogous New Mexico cases are: State v. Cabedi, 18 N.M. 513, 138 P. 262; State v. Merritt, 34 N.M. 6, 275 P. 770; State v. Edwards, 54 N.M. 189, 217 P.2d 854. On this ground the motion was properly overruled.

There was testimony of bailiffs that one of the men on the jury, accompanied by bailiff Warren, separated briefly from the remainder of the jury. They went across the street, but the testimony was that the juror had no conversation with anybody during that time, except with the bailiff, and that not about the case. The juror

was absent from the remainder of the jury for a very few minutes.

The bailiffs testified that a lady member of the jury separated briefly from the remainder of the jurors, going to her car and remaining there until the other jurors came to the car or near it. One of the bailiffs testified that he could see this member of the jury during the whole time she was separated from the rest, and that she was alone throughout that time.

▓▓ There is no testimony in the record showing that the separation of either of these jurors in any way prejudiced the defendant. To be of advantage to defendant, it is necessary that he must have shown, at the hearing on the motion, that prejudice resulted to him from at least one of these separations. State v. Blancett, 24 N.M. 433, 174 P. 207; State v. Clements, 31 N.M. 620, 249 P. 1003; State v. Evans, 48 N.M. 58, 145 P.2d 872. No prejudice having been shown, the point is ruled against appellant.

▓ The other material testimony in the record of the hearing before the trial judge on the motion for new trial was taken from members of the jury. This court has held from early days that jurors may not impeach their verdicts by testimony later given for that purpose. They simply are not competent witnesses. In Goldenberg v. Law, 17 N.M. 546, 131 P. 499, 502, this court, quoting a text, stated the reasons for not allowing jurors to impeach their verdicts, as follows:

" '(1) Because they would defeat their own solemn acts under oath. (2) Because their admission would open the door to tamper with jurymen after they had given their verdict. (3) Because they would be the means, in the hands of dissatisfied juror, to destroy a verdict at any time after he had assented to it.' "

See also State v. Taylor, 26 N.M. 429, 194 P. 368; State v. Analla, 34 N.M. 22, 276 P. 291; State v. Mersfelder, 34 N.M. 465, 284 P. 113; Talley v. Greear, 34 N.M. 26, 275 P. 378; State v. Nevares, 36 N.M. 41, 7 P.2d 933; Sena v. Sanders, 54 N.M. 83, 214 P.2d 226.

There was no abuse of discretion in overruling the motion for new trial. The judgment should be affirmed. It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.