[No. 1187, January 17th, 1908.]

ALEXANDER McKENZIE, Appellant, v. JOHN KING, Appellee.

### SYLLABUS (BY THE COURT).

1. Section 3031 of the Compiled Laws of New Mexico, 1897, supplemented the law governing the introduction of books of account in evidence, but did not destroy or wholly supersede it, and the conditions imposed by it do not apply to books kept by a clerk of the one in whose business they were kept, if such clerk is produced as a witness and testifies that he made the entries in the account offered in evidence as book-keeper in the regular course of business and substantially at the time the transactions were recorded.

2. This court will not ordinarily reverse the judgment of a Trial Court for error in the admission of evidence unless the objection made to its admission at the trial was well founded, although on other grounds it might have been inadmissible.

Appeal from the District Court for Union County before W. J. Mills, Chief Justice. Affirmed.

CHARLES A. SPIESS and S. B. DAVIS, JR., for Appellant.

Books of account can be admitted as evidence in this Territory only upon compliance with the conditions prescribed by Compiled Laws 1897, sec. 3031; Price v. Garland, 3. N. M. 505; Byers v. Robinson, 9 N. M. 427; Greenleaf on Evidence 117.

A witness can testify only to such facts as are within his personal knowledge. Loan Society v. Northwood, 86 Mich. 315; Tyngley v. Fairhaven Land Company, 36 Pac. 1098; McCormack v. Sadler, 37 Pac. 332; L'Herbette v. Pittsfield National Bank, 162 Mass. 137; Young v. Miles, 20 Wis. 645; McIlhary v. Chambers, 117 N. Y. 532; Hopt v. Utah, 110 U. S. 574; Silverstein v. O'Brien, 165 Mass. 512.

McKenzie v. King.

J. LEAHY, for Appellee.

"No writing can be received in evidence either as genuine or forged until proved genuine or forged." Stamper v. Griffin, 20 Ga. 312; Wilcox v. Pearman, 9 Leigh, Va. 144; Fennerstein v. U. S., 3 Wall. 145, 70 U. S. 121.

Evidence to establish the sale and purchase of a note, which was in issue before the jury, is material and relevant. State v. Black, 15 Mont. 143, 38 Pac. 674; State v. La Croix, 8 S. D. 369, 66 N. W. 944; Barkman v. State, 52 S. W. 73; Heap v. Parrish, 104 Ind. 36; Ginnott v. Engelhoff, 64 Mo. App. 356; Guarantee Co. of North America v. Phoenix Ins. Co., 124 Fed. 170; Alson v. B. C. R. & N. R. Co., 81 N. W. 634; Healy v. Bartlett, N. H. 59 A. 617; Farmers' State Bank v. Yenney, 102 N. W. 617; Camden v. Doremus, 3 How. 515; Rhodes v. U. S., 79 Fed. 740; Patrick v. Graham, 132 U. S. 627.

Where appellant on trial objected to the "immateriality" of evidence, he cannot in this court change the grounds of his motion from "immateriality" to "hearsay." 9 Enc. of Ev. 74, 75 and cases cited; Hall v. Gallemore, 138 Mo. 638, 40 S. W. 891; Ginnott v. Englehoff, 64 Mo. App. 356.

Evidence "cannot be prejudicial which might have been competent under any conceivable circumstances, unless the record shows that such circumstances did not exist." Tenney v. Harvey, 63 Vt. 520, 22 At. 659.

A new trial will not be granted for errors of the court in its rulings upon the admission or rejection of evidence where such rulings are not prejudicial to the appellant and the judgment of the court is right upon the whole case. Romero v. Desmarais, 5 N. M. 147; Crolot v. Maloy, 2 N. M. 198; Vasquez v. Spiegelberg, 1 N. M. 464; City of Richmond v. Smith, 15 Wall. 429; Waldo v. Beckwith, 1 N. M. 97; Archibeque v. Miera, 1 N. M. 160; Hinckley v. Pittsburg Bessemer Steel Co., 121 U. S. 278; Loan Society v Northwood, 86 Mich. 315 and Tingley v. Fairhaven Land Co., 36 Pac. 1098, distinguished.

"Evidence is admissible to prove a fact which though not directly in issue, yet has or may have a bearing on the

McKenzie v. King.

isssue." Findlay Brewing Co. v. Bauer, 35 N. E. 55; Causey v. Wiley, 27 Ga. 444; Mason v. Bruner, Admr., 10 Ky. L. Rep. 155; Gardner v. Crenshaw, 122 Mo. 79; State v. Rhodes, 6 Nev. 352; Deming v. Gainey, 95 N. C. 528; Wells v. Fairbanks, 5 Texas 582; Price v. Garland, 3 N. M. 505 and Byerts v. Robinson, 9 N. M. 427, distinguished; 1 Wigmore on Evidence 59 and cases cited; Milne v. Leisler, 7 H. & N. 796; State v. Benner, 64 Me. 283; People v. Arnold, 15 Cal. 481; Johnson v. State, 14 Ga. 61; Haines v. State, 17 Ga. 484; State v. Campbell, 17 Ala. 566; Trull v. True, 33 Me. 367; Shannon v. Kinney, 10 Am. Dec. 705.

Book of account may be admitted in evidence to corroborate witness. Wright v. Towle, 67 Mich. 255, 34 N. W. 578; Ryan v. Miller, 153 Ill. 138, 38 N. E. 642; Weeden v Hawes, 10 Conn. 50; McCormick v. Pennsylvania Ry. Co., 49 N. Y. 303; Bean v. Lambert, 77 Fed. 862; Gildersleeve v. Atkinson, 6 N. M. 250; D. of C. v. Henry E. Woodbury, 106 U. S. 450.

The verdict should not be disturbed on appeal even though the evidence preponderates against the verdict. Waldo v. Beckwith, 1 N. M. 97; Archibeque v. Miera, 1 N. M. 160; Ruhe v. Abreu, 1 N. M. 247.

STATEMENT OF FACTS

This is an action on a promissory note given by the defendant McKenzie, here the appellant, to the firm of H. J. Collins & Co., September 18, 1901, payable December 1, 1901. At the time when the note was given the plaintiff, King, here the appellee, was a member of the firm of H. J. Collins & Co., which was dissolved November 23, 1901. The plaintiff alleged the making of the note to Collins & Co., that it was transferred to him with the other property of that firm, November 23,1901, and had not been paid. The defendant admitted the making of the note to Collins & Co., but alleged that he paid it October 28th, 1901, to Collins, the other member of the firm, and that, if it was transferred to the plaintiff, which he did not admit, it was with full knowledge on the plaintiff's part that it had already been paid.

McKenzie v. King.

The case was tried with a jury at the March, 1906, term of the District Court of Union County, and a verdict was rendered for the plaintiff. A motion for a new trial was made and overruled, and judgment entered on the verdict, from which the defendant appealed.

OPINION OF THE COURT.

ABBOTT, J.—In the brief for the appellant but two of the errors assigned in his behalf are discussed, and only those need be considered.

The first is the admission in evidence of certain entries in the ledger of H. J. Collins & Co., relating to the account between said firm and the defendant, the contention of the appellant being that it was in effect the admission of the plaintiff's books of account and that the statute requirements for such admission had not been met. Even if the contention of the appellee be sound, that the entries objected to were offered to corroborate the testimony of the book-keeper, Gaylord, that no interest had been paid on the note, and not for the purposes covered by the statute, and so were not subject to the conditions imposed by it, yet we prefer to deal with the question broadly and declare what seems to us to be the rational and necessary meaning of the important statute in question, section 3031 of the Compiled Laws of 1897. It provides that "the books of account of any merchant, shop-keeper, etc., may be admitted in evidence as proof of such accounts upon the following conditions: First. That he kept no clerk or else the clerk is dead or inaccessible. Second. Upon proof, the party's oath being sufficient, that the book tendered is the book of original entries. Third. Upon proof, by his customers that he usually kept correct books. Fourth. Upon inspection by the court to see if the books are free from any suspicion of fraud." The contention for the appellant is that these four conditions must in all cases "be complied with before books of account can be admitted in evidence in this Territory"; that is, that the statute superseded whatever law heretofore existed on the subject. That there are expressions in opinions by this court which lend support to that claim cannot be denied, but we think, so far as they have come to our notice they were inadvertant and

not essential to the conclusions reached in the decisions in which they occur. The argument for the appellant as to the applicability of the first condition, in the case at bar, leads to a conclusion so manifestly against reason that we are forced to question the soundness of its premises. "There is no proof that H. J. Collins & Co., kept no clerk; in fact the proof is exactly to the contrary, that the firm did keep a clerk who was present and testified", and thereby, the contention is, the book was rendered inadmissible. This is on the assumption that the statute contains the entire law of New Mexico on the subject. To so hold would be to say that the best kept and most reliable books of account in the Territory cannot be used in evidence solely because those who were employed to keep them because of their skill, who have no interest in the litigation in which it is sought to use the books, are present or obtainable as witnesses; while books unskillfully kept by the parties to the litigation themselves, may be introduced in evidence. Such an intention should not be imputed to the legislature unless it is clearly necessary. An examination of the statute itself and of the law on the subject as it was when the statute was enacted, relieves us of that necessity. The statute is not in terms exclusive. It provides that books of account may be admitted in evidence on certain conditions, but not that they shall be admitted *only* on these conditions. That it was designed to supplement and not to abolish the rule of law that already existed is in accord with the principle of construction usually applied in such cases. Wigmore on Evidence, Sec. 1520; Lewis Suth. Stat. Con., Secs. 267, 487. And, as we have seen, the adoption of the opposite view of its meaning, would lead to a manifest absurdity. At the time the statute was enacted it had "long been the common law rule that entries made in the regular course of business in shop-books, by the clerk or agent of a person, are, with proper restrictions admissible in evidence after the death of such clerk on proof of his hand-writing", and this has been extended by the general practice of the American courts to the admission of such entries during the life of the person who made them when authenticated by his oath. This has been done

sometimes on the ground of necessity, and sometimes on the view that the entries are a part of the acts they purport to record; in other words, a part of the *res gestae*. Jones on Evidence, Sec. 582; Greenleaf on Evidence, 12th Ed. 1866, Vol. 1, Sec. 117 et seq. Wigmore, Sec. 1560, however declares that the modern and sound basis of the admission of such entries is that they are the records of past recollections. To be such they must, of course, have been made when the one who made them did have the knowledge on which they were based, not necessarily, for instance, of an actual sale made in a great mercantile establishment, but of the fact that such a sale was reported to him by one whose business it was to make and report such sales in the course of his employment there, and that he, the book-keeper, made the entry in the course of his employment at the time. Obviously it is impossible that any one should remember for any great length of time more than an inconsiderable fraction of the transactions which occur in the immense business houses of today, and the doctrine advanced by the learned author we have quoted commends itself to us as sound in theory and necessary in practice. The general removal in this country of the disqualification to testify in his own behalf, of a party to a suit, had the effect of allowing the introduction in evidence of his books kept by himself on the same ground on which those kept for him by his clerk were admitted. That proved to be open to serious objections. Such, then, having been the state of the law, the purpose of such statutes as that under consideration becomes obvious. For one who would produce books of account, kept in the regular course of his business by a clerk who was present to testify to the entries he had made, the law remained as it was. But if he offers in evidence merely the books without the testimony of a clerk who kept them, he must conform to the conditions prescribed by the statute, and prove that he had no clerk, or, if he kept one, that he cannot be produced as a witness. He must also prove by his customers that he usually kept correct books, and the court must be satisfied upon inspection of the books that they are free from any suspicion of fraud. The provision for

McKenzie v. King.

proof that the book tendered is the book of original entry made no substantial change in the law as it then was.

In the case at bar the witness Gaylord, testified that he kept the account which was admitted in evidence as book-keeper for the firm of H. J. Collins & Co., and after its dissolution for the plaintiff.

The defendant offered in evidence two receipts from said firm which he claimed had a bearing on the issues between the parties. The entries which were admitted in evidence tended to explain those receipts and some of them related directly to the note in suit. We think there was no error in admitting the account.

It is objected in the brief for the appellant, although that question was not very clearly raised at the trial, that the ledger containing the account in question, was not a book of original entry. It appeared that the entries which were especially in point, were copied into the ledger from loose slips of paper on which they were originally made in duplicate, and that the slips retained by the plaintiff or his firm had been destroyed by fire. As to those entries, the ledger was a book of original entry within the meaning of the law. Jones on Evidence, Sec. 584.

The appellant further claims that the Trial Court erred in refusing to strike out as hearsay the testimony of witness for the plaintiff, O. T. Toombs, who acted as attorney in the matter of the dissolution of the firm of Collins & Co., that he saw the note in question on the list of the property of the firm which had been prepared for the purpose of enabling the partners to make a "give-or-take" offer. The objection made to the admission of the evidence at the time it was offered was that it was not "material", and the appellant cannot now be allowed to substitute a different objection. Coleman v. Bell, 4 N. M. 21, 27; Lamy v. Catron, 5 N. M. 373, 380; Coler v. Board of County Commissioners, 6 N. M. 88, 115; Pearce v. Strickler, 9 N. M. 467, 471.

Under the pleadings in the case it was incumbent on the plaintiff to prove that the note had been transferred to him by Collins & Co. and that he was the sole owner of it at the time suit was brought. He testified that when he took

over the property of Collins & Co., Nov. 23, 1901, the note was there, and was examined as a part of the property, and was then delivered to him either by Collins, or by Toombs, as his attorney. If the note was listed, as Toombs testified it was, that certainly tended to corroborate the plaintiff on a material question.

The judgment of the District Court is affirmed.

### SYLLABUS (BY THE COURT).

