State v. Cabodi, 18 N. M. 513.

therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

[No. 1617, January 10, 1914.]

STATE OF NEW MEXICO, Appellee, v. John CA-
BODI, Appellant.

SYLLABUS (BY THE COURT)

1. Assuming the meaning to be plain, false grammar or wrong spelling will not render an indictment insufficient.

P. 516.

2. A question, not jurisdictional, cannot be raised the first time on appeal.

P. 517

3. Where the name, Dewey Dimon, appears upon the roll of jurors empanelled to try a cause, and the verdict is signed "DeWitt Dimon, Foreman," and no objection to the variance is made in the trial court, the Supreme Court, on appeal, where the question is first raised, is warranted in assuming that no substitution in the personnel of the jury was made and that Dewey Dimon named on the jury roll signed the verdict as DeWitt Dimon.

P. 517

4. Where a complaining party is aware at the time, that the interpretation of the evidence, by an interpreter, is not correct, it is incumbent upon him to call the court's attention to such erroneous translation, and ask to have it corrected; and, where he has not such knowledge at the time, but afterwards becomes aware of the fact, he must set out all the facts in his motion for a new trial, pointing out therein specifically the evidence erroneously translated, and support such contention by affidavit or proof, so that the trial court can pass intelligently upon the question.

P. 518.

State v. Cabodi, 18 N. M. 513.

.5. Under the provisions of section 14, art. II of the State Constitution, the defendant is entitled to have the testimony interpreted to him in a language which he understands. While such right cannot be denied a defendant, it is incumbent upon him to, in some appropriate manner, call the attention of the trial court to the fact that he does not understand the languge in which the testimony is given.

P. 519

6. The word "charge" used in section 14, article II of the State Constitution, in the clause "to have the charge and testimony interpreted to him in a language that he understands," refers to the indictment or information, and not the instructions given to the jury by the court.

P. 520

Appeal from the District Court of McKinley County; Herbert F. Raynolds, District Judge; affirmed.

D. J. THOMAS, Gallup, N. M., for appellant.

Indictment does not charge the crime of murder in the first degree. Session Laws, 37th Legislative Assembly, ch. 36, sec. 1.

No person, who is not a member of the jury, may be present during their deliberations. State v. Sherbourse, 1 Dudley (Ga.) 28; Starling v. Thorne, 87 Ga. 513; Welch v. Taverner, 87 Ia. 207; Tarkington v. State, 72 Miss. 731; McElrath v. State, 2 Swan. (Tenn.) 382; Clapp v. State, 94 Tenn. 186; Wright v. State, 17 Tex. App. 152; State v. Cartwright, 20 W. Va. 32.

The testimony of certain witnesses was not interpreted into Italian. Constitution of N. M., art. II, sec. 14; Ralph v. State, 52 S. E. 297; State v. Haines, 36 S. Car. 504; Queenan v. Oklahoma, 61 L. R. A. 324; Hopt v. Utah, 110 U. S. 262; 1 Bl. Comm. 133; Lewis v. United States, 1012, par. 374; Dyson v. State, 26 Miss. 362.

Waiver of rights by accused. 1 Bishop Crim. Pro., par. 266; Territory v. Ortiz, 8 N. M. 154; State v. Belvel, 27 L. R. A. 846.

IRA L. GRIMSHAW, Assistant Attorney General, Santa Fe, N. M., for appellee.

No error in sustaining appellant's motion in arrest based upon the claim that the indictment was defective in that it used the word "effect" instead of the statutory word "affect." 1 Bishop, New C. P., sec. 354; 22 Cyc. 291, note 63; Smith v. Territory, (Okla.) 77 Pac. 187; State v. Hedge, 6 Ind. 350; State v. Earp, 41 Tex. 487; Hudson v. State, 10 Tex. App. 215; State v. Meyers, 85 Tenn. 203; Summerville v. State, 6 Tex. App. 433; Stinson v. State, 5 Tex. App. 31; Witten v. State, 4 Tex. App. 70; Grant v. State, 55 Ala. 201; Koutz v. State, 41 Tex. 570; Thomas v. State, 2 Tex. App. 293; Brumley v. State, 11 Tex. App. 114; Lefter v. State, 122 Ind. 206.

No questions can be raised for the first time on appeal, unless they are questions of jurisdiction. U. S. v. Cook, 15 N. M. 127; Duncan v. Holder, 15 N. M. 332; State v. Duffield, 49 W. Vaa. 274.

No affidavits were filed to show an incorrect interpretation of the testimony in or with the motion for a new trial. Bare statement of counsel for appellant is insufficientt. Territory v. Hicks, 6 N. M. 603; Territory v. Yee Dan, 7 N. M. 441.

Contention that defendant was deprived of his constitutional right of having the testimony interpreted to him in the language he understands, is not well taken. Const. N. M., art. II, sec. 14.

"Charge," as used in section 14 of article II of the Constitution, refers only to arraignment.

## OPINION OF THE COURT.

ROBERTS, C. J. Appellant, John Cabodi, was convicted in the District Court of McKinley County, of murder in the first degree and was sentenced to death. From the judgment he appeals to this Court and presents five propositions upon which he relies for a reversal of the cause. The errors relied upon will be considered in the order presented.

The Session Laws of 1907, as compiled and printed by

the Secretary of the Territory, defines murder in the first degree as follows:—

"All murder which shall be perpetrated by means of poison or lying in wait, torture, or by any kind of wilful, deliberate and premeditated killing, or which· is committed in the perpetration of or attempt to perpetrate any felony, or perpetrated from a deliberate and premeditated design unlawfully and maliciously to AFFECT the death of any human being, or perpetrated by any act greatly dangerous to the lives of others, and indicating a depraved mind regardless of human life, shall be deemed murder in the first degree."

In preparing the indictment in this case, the pleader used the word "EFFECT" instead of the word "AFFECT" found in the printed volume of the Session Laws. Because of this, appellant moved in arrest of judgment, which motion was overruled by the Court. This ruling is presented as the first ground of error.

The enrolled copy of the act in the office of the Secretary of State, uses the word "EFFECT," and this word also appears in the original bill. The word "EFFECT," was, therefore, properly used in the indictment. However, had the correct word been "AFFECT," the motion **1** was not well taken, for as stated in Bishop's New C. P., section 354,

"Assuming the meaning to be plain, false grammar or wrong spelling * * * * will severally not render the indictment insufficient."

In the case of Smith v. Territory, (Okla.) 77 Pac. 187, the identical question arose. There the statute used the word "Effect" and the indictment "Affect" in charging murder in the first degree. The Court say:

"This was clearly a mistake of the pleader, a clerical error, and where a defect in an indictment is merely technical and the indictment being sufficient in all other respects, we are unable to see how the substantial rights of the defendant are affected by such mistake."

The motion in arrest of judgment was, therefore, properly overruled.

It is next contended that the verdict was returned by a

State v. Cabodi, 18 N. M. 513.

person as foreman, named DeWitt Dimon, who was not a member of the panel of jury, trying the cause. The record shows that a man named Dewey Dimon was one of the jurors accepted to try the cause. The verdict of the jury was signed "DeWitt Dimon, Foreman." This question, however, was not raised in any manner in the court below. It does not go to the jurisdiction, either of the person of the defendant, or the subject of the prosecution. It has been uniformly held by the Territorial Supreme Court that a question, not jurisdictional, cannot be raised the first time on appeal. U. S. v. Cook, 15 N. M. 127.

Had this question been called to the attention of the trial court, the signature of the foreman to the verdict could and would probably have been corrected. Appellant does not undertake to show that some unauthorized person was present and participated in the deliberations of the jury. Had such a showing been made, of course the verdict would be set aside by the trial court, or by this Court on appeal. The only objection urged is that one of the jurors did not use the same Christian name, as appeared upon the jury roll, when he signed the verdict, as foreman. In the case of State v. Duffield, 49 W. Va. 274, a similar question arose. The record there showed that "Henry Hunt" was one of the jurors empanelled and sworn to try the cause. The verdict was signed "W. H. Hunt," and the Court held that the variance did not affect the verdict. The Court say:

"There was but one Hunt on the jury and it is not at all probable that, after the jury was sworn, that Henry Hunt got out of the jury box and W. H. Hunt, another and different person, took his place in the presence of the court and its officers."

In this case a person named Dimon was empanelled on the jury and a person whose last name was Dimon signed the verdict as the foreman of that jury. It is impossible to believe that Dewey Dimon was a person other than DeWitt Dimon. If such had been the case, appellant could readily and easily have made it appear to the District Court, which he made no attempt to do. This

State v. Cabodi, 18 N. M. 513.

Court therefore is warranted in assuming that no substitution in the personnel of the jury was made and that Dewey Dimon named on the jury roll signed the verdict as De-Witt Dimon.

It is next urged that the trial court erred in not sustaining appellants' motion for a new trial, wherein he alleged that the interpretation was not literal or correct, from Italian into English, and vice versa.

Upon the trial no objection was interposed by appellant to the interpretation of the evidence, and in the motion for new trial no attempt was made to show that the interpretation was incorrect by affidavit or otherwise, except the mere allegation of such fact in the motion. The trial court decided the question adversely to appellant, by a denial of the motion, and this Court cannot go into the question of fact as to whether the interpretation was, or was not literal. The record fails to disclose any inability of the interpreter, or that the interpretation was not literal.

In such a case where it appears that the complaining 4 party is aware at the time, that the interpretation of the evidence is not correct, it is incumbent upon him to call the court's attention to such erroneous translation and ask to have it corrected, and where he has not such knowledge at the time, but afterward becomes aware of the fact, he must set out all the facts in his motion for a new trial, pointing out therein specifically the evidence erroneously translated, and support such contention by affidavit or proof, so that the trial court can intelligently pass upon the question. Territory v. Hicks, 6 N. M. 596; Territory v. Yee Dan, 7 N. M. 439.

It is next assigned as error that appellant was deprived of his constitutional right "to have the * * * * testimony interpreted to him in a language that he understands." This assignment is based upon the fact that two witnesses, Stafer and Dugan, testified in the English language, and the evidence so given was not interpreted in Italian. Section 14, art. II of the Constitution provides:

"No person shall be held to answer for a capital, felonious or infamous crime unless on a presentment or indictment of a grand jury except in cases arising in the mili-

tia when in actual service in time of war or public danger. In all criminal prosecutions the accused shall have the right to appear and defend himself in person, and by counsel; to demand the nature and cause of the accusation; to be confronted with the witnesses against him; to have the charge and testimony interpreted to him in a language that he understands; to have compulsory process to compel the attendance of necessary witnesses in his behalf, and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed."

Under this provision the defendant is entitled to have the testimony interpreted to him in a language which he understands. The right cannot be taken from a defendant, but it certainly is incumbent upon him, in some appropriate manner, to call to the attention of the trial court the fact that he does not understand the language in which the testimony is given. If such were not the case, it would be possible for a defendant to remain silent throughout the trial, and upon conviction, for the first time bring to the knowledge of the court the fact that he did not understand the language in which the testimony was given. In other words, he could remain silent, and take his chance of a favorable verdict, failing in which he could secure a new trial upon the ground that he did not understand the language in which the testimony was given. The statement of the proposition demonstrates its absurdity. The record in this case fails to disclose that the appellant did not understand the English language, or that the inability of appellant to understand that language was in any manner called to the attention of the trial court. It is true, appellant stated that he preferred to testify through an interpreter, but this statement does not imply that he did not understand English. In this jurisdiction, it is quite common for persons of Spanish descent, who are thoroughly conversant with the English language, to testify in Spanish rather than in English. It is only natural that one should prefer to express himself in his native tongue, rather than an acquired language. The record in this case, however, in-

dicates that the appellant did understand the English language, how thoroughly, however, does not appear.

It is next urged as error, that the charge of the court to the jury was not interpreted into Italian. This is based upon the assumption that the word "charge," used in the constitutional provision, refers to the instructions given to the jury by the court. The clause reads, "to have the charge and testimony interpreted to him in a language that he understands." (See above for section in full.) It **6** is apparent that the word "charge" refers to the indictment or information, and not to the instructions given to the jury upon the trial.

No question is raised by appellant as to the sufficiency of the evidence to warrant the verdict rendered. We have, however, reviewed the same and are satisfied that the verdict was fully warranted thereby. Nothing appearing in the record to the contrary, we are convinced that the appellant was fairly tried and justly convicted, and the judgment of the trial court must be affirmed, and the judgment and sentence of the court shall be executed on Friday, the 6th day of February, 1914, and it is so ordered.