[No. 2112, April 24, 1918.]
## TIETJEN v. McCOY.

### SYLLABUS BY THE COURT.

As a general rule, objections, whether made by motion or otherwise, whether to the pleadings, to the evidence, to the instructions, or failure to instruct, to the argument of counsel, to the verdict, findings, or judgment, or to other matters, must, in order to preserve questions for review, be specific and point out the ground or grounds relied upon, and a mere general objection is not sufficient.

Appeal from District Court, McKinley County; Raynolds, Judge.

Action of forcible entry and detainer by C. E. Tietjen against L. McCoy. From a judgment of the district court, on appeal from a judgment of justice court in favor of the plaintiff, awarding plaintiff damages only, he appeals. Affirmed.

### STATEMENT OF FACTS.

The appellant, plaintiff in the district court, first instituted his action before the justice of the peace in precinct No. 3 of McKinley county, setting up that he was lawfully possessed of a certain tract of land situate in said

county, and that the defendant had unlawfully and with force entered upon the same, and had obtained and held possession thereof as against the plaintiff; the action being, therefore, one in forcible entry and detainer. The judgment of the justice of the peace court was that the defendant be removed from the premises and the plaintiff put in possession thereof, from which judgment an appeal was taken to the district court of McKinley county. Upon a trial in that court, a judgment was given for appellant for damages in the sum of $1, but without a warrant of removal or restitution, from which judgment an appeal was prayed and allowed.

A. T. HANNETT, of Gallup, for appellant.

H. B. JAMISON, of Albuquerque, for appellee.

### OPINION OF THE COURT.

HANNA, C. J. The only error assigned by the appellant is that the court should have given judgment in favor of the plaintiff, restoring to him possession of the premises in controversy, from which he had been unlawfully dispossessed. We cannot consider this alleged error of the trial court, however, because it nowhere appears in the record that this objection was called to the attention of the trial court. The judgment of the district court was excepted to without specifically stating any ground of objection thereto. The rule in this connection is thus stated in 3 C. J. 746:

"As a general rule, objections, whether made by motion or otherwise, whether to the pleadings, to the evidence, to the instructions, or failure to instruct, to the argument of counsel, to the verdict, findings, or judgment, or to other matters, must, in order to preserve questions for review, be specific and point out the ground or grounds relied' upon, and a mere general objection is not sufficient."

This rule finds support in numerous authorities collected in the note to the foregoing text, and is so generally adopted that it may well be said to be a rule with-

out an exception; at least our attention has not been directed to any exception. The rule was adhered to by our territorial Supreme Court in the case of Wells v. Walker, 9 N. M. 456, 54 Pac. 875, and by this court in the case of Stalick v. Wilson, 21 N. M. 320-326, 154 Pac. 708. While we are reluctant to follow a purely technical rule of this character, it is a salutary one, and fairness to the trial court and opposing counsel, who are entitled to know the ground upon which the objection is based, so that the court may make its ruling understandingly and the objection be obviated if possible, calls for its enforcement. Many unnecessary appeals can be obviated by observance of this rule.

For the reasons stated, the judgment of the trial court is affirmed, and it is so ordered.

PARKER and ROBERTS, J.J., concur.