(No. 2287.   Sept. 8, 1919.)
BISHOP v. MACE et al.

### SYLLABUS BY THE COURT.

1. In the appellate court the burden rests upon the appellant to show that a finding of fact made by the trial court is not supported by the evidence.          P. 412

2. Evidence reviewed, and **held** to warrant the finding of the trial court to the effect that the tax upon which a tax deed was issued had been paid.          P. 413

3. Objections not made in the court below to the admissibility of evidence will not be considered on appeal.          P. 414

Appeal from District Court, Union County; T. D. Leib, Judge.

Action by George F. L. Bishop against E. D. Mace and others. Judgment for plaintiff and defendants appeal. Affirmed.

O. P. EASTERWOOD, of Clayton, for appellants.

D. A. PADDOCK, of Clayton, for appellee.

### OPINION OF THE COURT.

ROBERTS, J. This action was instituted in the court below by appellee to quiet his title to lots 1 and 2 and the E. ½ of the N. W. ¼ of section 31, township 26 N., range 36 E., in Union county, N. M., against the adverse claims of the appellant E. D. Mace. Appellant answered the complaint, setting up that he was the owner of the land by virtue of a certain tax deed issued by the county treasurer of Union county to Bernard A. Gow on a certain tax sale for taxes for the year 1901 upon such land, and by virtue of a deed of conveyance from Gow to the appellant. The appellee replied, admitting the execution of the tax deed, but denied that it was a valid deed.

The cause was tried to the court, and findings of fact made and conclusions of law stated. The court found that appellee's predecessor in title had paid the taxes upon the land for the year 1901; and as appellant based his title upon a tax deed issued upon a certificate of sale for alleged delinquent taxes for that year, it necessarily followed that appellant had no title. Conclusions of law were stated to this effect, and appellee's title to the premises in question was quieted. This appeal is prosecuted to review such judgment.

[1] The facts, briefly stated, are as follows: The land in question was originally entered by one B. M. Rupp, who received a patent for the same some years

prior to 1901. He conveyed to J. C. Slack. Just when the conveyance was made does not appear, but presumably prior to the year 1899. Slack later conveyed to a third party, afterwards repurchased the same land, and some two or three years after 1901 Slack conveyed the real estate in question to the appellee. After the conveyance of Rupp to Slack, the taxing officials of Union county continued to assess the real estate in the name of Rupp. It was also assessed on the tax rolls against J. C. Slack. The tax assessed against the land in the name of Rupp was not paid, and in 1902 the property was sold to Union county on the Rupp assessment for the year 1901. This certificate was purchased by appellant's predecessor in title, Gow, in 1915. As stated, the property during the year 1899, 1900, and 1901 was also assessed in the name of J. C. Slack, and the doubt as to whether this tax assessed against the real estate in the name of Slack was paid or not led to the present controversy. The court found that it was paid, and in this court the burden rests upon the appellant to show that the finding that the tax had been paid is not supported by the evidence. 4 C. J. 777.

[2] Appellant strenuously urges that there is no evidence in the record supporting the finding. The following facts, however, appear: The county treasurer of Union county kept a stub book of tax sales. This book was kept apparently in conformity with section 23, chapter 22, Laws 1899. This section provides:

"The collector shall keep a book of sale containing the date of sale, description of the property sold, name of purchaser and amount for which sold."

The stub book referred to contained all the data required to be kept by the county treasurer under this section, and was evidently kept in compliance with the statute referred to. This stub book shows that certificate of sale No. 10 was issued to W. W. Duke for the property in question, together with other real estate, upon a sale held November 8, 1902, for taxes for the years 1899 and 1901. This contained the notation, ''See

other side.'' Certificate No. 11 appeared on the next page, and was denominated ''Duplicate of No. 10,'' and agreed with the stub of certificate No. 10, except that it showed a sale for taxes only for the year 1900 and a slight discrepancy in the interest charge. A redemption certificate was put in evidence, showing redemption on November 8, 1902, by J. C. Slack, from the sale of November 8, 1902, of property sold to W. W. Duke for taxes for the year 1900. The record before us clearly shows that the county treasurer of Union county, during the years in question, kept the records in his office in a very imperfect manner. It is impossible for us to say definitely that they show either that the tax against the property assessed in the name of Slack was paid or was not paid. The trial court was confronted with the necessity of determining this question one way or the other. After carefully reviewing it, the trial judge decided that it showed that the tax had been paid. We cannot say that he was wrong in this finding. We are satisfied from the record that Slack attempted to pay all the taxes due on the property and to redeem from all sales made.

[3] Appellant in this court argues that the court erred in admitting in evidence the stubs of tax sale certificates Nos. 10 and 11, for the reason that no proper foundation was laid for the introduction of this evidence. In the court below counsel for appellant was asked as to whether he would stipulate that the book of stubs was the official record of the treasurer's office of tax sale certificates, and he answered that he would. In the court below he objected on other grounds. Objecions not made in the court below to the admissibility of evidence will not be considered on appeal. James v. Hood, 19 N. M. 234, 142 Pac. 162.

Finding no available error in the record, the judgment will be affirmed; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.