THE STATE v. RICHARD KREBS, Appellant.—80 S. W. (2d) 196.

Division Two, March 5, 1935.

*Verne Lacy* for appellant.

*Roy McKittrick*, Attorney General, and *William W. Barnes*, Assistant Attorney General, for respondent.

ELLISON, J.—The appellant was convicted of robbery in the first degree by means of a dangerous and deadly weapon, in the Circuit Court of the City of St. Louis. He was charged under the Habitual Criminal Statute, Section 4461, Revised Statutes 1929, and the jury assessed his punishment at imprisonment in the penitentiary for life. On this appeal he brings up only the record proper. His assignments of error challenge the sufficiency of the information and verdict, and deny the applicability of the Habitual Criminal Statute to the case on the theory that that statute cannot be invoked in a prosecution for any crime the punishment for which may be death —as is true of robbery in the first degree with a dangerous and deadly weapon, under Sections 4058 and 4061, Revised Statutes 1929.

The part of the information charging the appellant under the Habitual Criminal Statute is as follows:

"That Richard Krebs on the 14th day of February in the year of our Lord, one thousand nine hundred and twenty-one at the City of St. Louis, aforesaid, in the ——— was duly convicted of the offense of Robbery 1st Degree and Assault to Kill (3 charges) and in accordance with said conviction was duly sentenced by said Court to an imprisonment in the penitentiary of the said State of Missouri for the term of fifteen years, and was duly imprisoned in said penitentiary of the State of Missouri in accordance with said sentence, and that the said Richard Krebs was duly discharged from

said penitentiary of the State of Missouri after and upon lawful compliance with said sentence; and that the said Richard Krebs after the said discharge of said Richard Krebs from said penitentiary of the State of Missouri, to-wit, on the 28th day of July in the year of our Lord one thousand nine hundred and thirty-two at the City of St. Louis aforesaid with force and arms, by means of a dangerous and deadly weapon, to-wit: a revolving pistol, in and upon one C. B. Sherwood, employee of Sadlo-Faber Motor Company, a corporation.'' (From here on the information continues with the charge of the robbery.)

The verdict of the jury, including the caption, evidently returned on a form submitted by the court, was as follows:

"STATE OF MISSOURI
VS.
"RICHARD KREBS

On Information For Three Prior Convictions and Robbery first degree by means of a dangerous and deadly weapon.

"We, the jury is (in) the above entitled cause find the defendant guilty of Three Prior Convictions and Robbery first degree by means of a Dangerous and deadly weapon, as by the information he stands charged and assess the punishment in the Penitentiary for his natural life.

"Edward W. Gore, Foreman."

The Habitual Criminal Statute, Section 4461, Revised Statutes 1929, provides:

"If any person convicted of any offense punishable by imprisonment in the penitentiary, or of an attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary, shall be discharged, either upon pardon or upon compliance with the sentence, and shall subsequently be convicted of any offense committed after such pardon or discharge, he shall be punished as follows: First, if such subsequent offense be such that, upon a first conviction, the offender would be punishable by imprisonment in the penitentiary for life, or for a term which *under the provisions of this law* might extend to imprisonment for life, then such person shall be punished by imprisonment in the penitentiary for life; second, if such subsequent offense be such that, upon a first conviction, the offender would be punished by imprisonment for a limited term of years, then such person shall be punished by imprisonment in the penitentiary for the longest term prescribed upon a conviction for such first offense; third, if such subsequent conviction be for an attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary, the person convicted of such subsequent offense shall be punished by imprisonment in the penitentiary for a term not exceeding five years.'' (Italics ours.)

We turn aside here briefly for a collateral inquiry. What is meant by the expression "under the provisions of this law" which we have italicized in the section, as set out above? Do the words "this law" refer to the Habitual Criminal Statute itself? If they do, the section becomes unintelligible and runs in a circle. Or should they be interpreted as if they read, *the* law, or as if the whole expression were omitted and the section said, for a term which might extend to imprisonment for life. The latter interpretation has, without discussion, been given to the statute in prior decisions, and is undoubtedly correct.

The section, unchanged save for a few minor variations in phraseology, has been on the statute books of this State for 100 years, except that by Laws 1895, page 153, provisions thereof including prior and subsequent convictions of petit larceny were eliminated. But in the Revisions of 1835, 1845 and 1855, instead of saying "under the provisions of this law," the statute read "under this act." [Sec. 7, p. 212, R. S. 1835; Sec. 7, p. 409, R. S. 1845; Sec. 7, p. 639, R. S. 1855.] In each of these revisions the whole chapter on crimes and punishments was a separate legislative act, and the section appeared therein. The expression "under this act" therefore referred to the whole body of criminal law comprehended within the chapter and act, including the various sections defining crimes and fixing their punishment. In the Revision of 1865 the practice of carrying the several chapters of the statutes as separate legislative acts was discontinued, the words "under this act" were dropped from the section, and the expression "under the provisions of this law" was inserted instead, Section 7, page 825, G. S. 1865. From this history of the legislation it is apparent that the words "this law" as now used in the statute refer to other parts of the criminal law fixing the punishment for crimes generally, or in the first instance.

It will be noted that the section contains three numbered divisions. The first provides that if the subsequent offense, for which the defendant is on trial, be such that upon a first conviction he would be punishable by imprisonment in the penitentiary for life, or for a term which might extend to imprisonment for life, then the punishment to be assessed under the section shall be life imprisonment. Under the second division, if the punishment for the crime upon a first conviction would be imprisonment in the penitentiary for a limited term of years, then imprisonment under the section shall be for the maximum term thus prescribed. The third division deals with attempts to commit a crime, and need not be considered here. The facts to be noted are that the first and second divisions require the infliction of the maximum punishment which could be assessed upon a first conviction, up to and including life imprisonment; and that the section mentions only crimes punishable by imprisonment

in the penitentiary upon a first conviction, saying nothing about the death penalty.

■ Appellant has cited two cases construing the statute substantially as above, State v. English, 308 Mo. 695, 708, 274 S. W. 470, 474, and State v. Sumpter, 335 Mo. 620, 73 S. W. (2d) 760. He argues this construction precludes the application of the section to crimes for which the punishment may be death (as is true under Section 4061 of the crime with which he stands charged here); and he contends that if he had not been erroneously charged under the Habitual Criminal Statute the jury might have given him less than life imprisonment, perhaps only ten years, the minimum punishment fixed by Section 4061. In stating his views on this point appellant's counsel says in his brief: ''To hold that this section has any application to capital offenses is to reach an absurdity, for, under such a view, a person accused of a capital offense and found to have a criminal record could only be sentenced to life imprisonment; whereas, a person accused of a capital offense, but without any criminal record, could be executed.''

We do not agree with appellant. It is not true that a person charged with and convicted of a capital offense under the habitual criminal section can only be sentenced to life imprisonment. When a defendant is charged under that statute and it is found that he has not been convicted before, the punishment prescribed for the crime generally may be assessed. [State v. Sumpter, supra, 335 Mo. l. c. 627, 73 S. W. (2d) l. c. 763.] If the punishment for the crime in the first instance includes the death penalty, the court or jury can impose it. Why should they be bound to assess a less punishment (life imprisonment) merely because they find the defendant has previously been convicted of one or more felonies and has served penitentiary sentences—especially when it is remembered that the obvious intent of the Habitual Criminal Statute is to impose *heavier* penalties on defendants with felony records?

We understand this point was expressly decided in State v. Taylor, 323 Mo. 15, 23, 18 S. W. (2d) 474, 476. In that case this court was discussing alleged conflicts between three statutes: what is now Section 4061, fixing the punishment in the first instance for robbery in the first degree with a dangerous and deadly weapon; what is now Section 4428, fixing increased punishments to be added by the trial judge for successive convictions of felonies committed while *armed* with a pistol or deadly weapon; and what is now Section 4461. The appellant was contending that Section 4428 (Laws 1927, p. 173) by implication repealed Section 4461, the Habitual Criminal Statute. This court said: ''We fail to find any conflict between the two statutes, although it is perfectly apparent that both cannot be effectively applied to the punishment in all cases at the same time. For example, a defendant might be sentenced to death for robbery in the

first degree, accomplished by means of dangerous and deadly weapon, under the provisions of Section 3310, Laws of 1927, page 174 (4061), so that such defendant could undergo no additional punishment under Section 3702 (4461), although it was alleged and proved that he had previously been convicted of a felony.''

II. The information alleges that the appellant on February 14, 1921, ''at the city of St. Louis aforesaid, in the ——— was duly convicted'' of certain prior offenses and that in accordance with said conviction he ''was duly sentenced by said court'' to imprisonment in the State penitentiary; that he served his sentence and thereafter was duly discharged. By his second assignment of error appellant contends the foregoing allegations of the information are fatally defective because they fail to allege that the prior conviction or convictions were in a court of competent jurisdiction, or by any court at all, that part of the information being left blank as shown above.

This contention cannot be sustained. It is true the information does not name the court in which the former conviction or convictions occurred, but it says the appellant was duly convicted in the city of St. Louis and that he ''was duly sentenced by said court'' to imprisonment in the penitentiary. This implies the conviction was in a court in St. Louis which had jurisdiction to try felony cases and to pronounce sentence and judgment therein. Without holding it is vitally essential for an information under the Habitual Criminal Statute to specify the court in which the prior conviction was suffered, we will say that even on appellant's own theory the information is not so defective as to be open to attack on the ground assigned, after judgment, for the first time on this appeal.

III. After alleging that the appellant was duly discharged upon lawful compliance with his sentence, following his prior convictions, the information continues ''that the said Richard Krebs after the said discharge of the said Richard Krebs from said penitentiary of the State of Missouri, to-wit, on the 28th day of July in the year of our Lord one thousand nine hundred thirty-two at the city of St. Louis aforesaid with force and arms, by means of a dangerous and deadly weapon.'' (Here the information proceeds to charge the robbery for which appellant was tried in the instant case.) Appellant contends the date July 28, 1932, in the part of the information just quoted, refers to the date of his discharge from the penitentiary and not to the date of the robbery; and he asserts the information is therefore fatally defective because it omits the date of the robbery and consequently fails to show the same was committed after the defendant's discharge from the penitentiary under his prior convictions. While the law is well established that

such a showing is necessary in an information based upon the Habitual Criminal Statute (State v. Sumpter, 335 Mo. 1. c. 623, 73 S. W. (2d) 1. c. 761), we can see no merit whatever in appellant's contention here. The part of the information quoted above starts out by expressly alleging that *"after* the said discharge" of the appellant from the penitentiary he committed the robbery, which, of itself, is enough to meet appellant's objection. Furthermore, we think the date specified, July 28, 1932, refers to the date of the robbery and not to the date of his discharge.

■ IV. In charging the prior convictions the information alleges that the appellant "was duly convicted of the offense of Robbery 1st Degree and Assault to Kill (3 charges) and in accordance with said conviction was duly sentenced by said Court to an imprisonment in the penitentiary of said State of Missouri for the term of fifteen years." The verdict returned by the jury found the appellant "guilty of Three Prior Convictions and Robbery first degree by means of a dangerous and deadly weapon."

Appellant vigorously urges that the information is fatally defective because the part thereof just quoted is too vague and contradictory to constitute a valid charge of prior convictions bringing the case within the Habitual Criminal Statute; but that if the information does allege anything it charges *one* prior conviction and the verdict returned is not responsive thereto because it finds the defendant guilty of three prior convictions. We are constrained to hold this assignment good.

Apparently a printed form of information was used in this case; at least the information brought up in the record over the clerk's certificate is on a printed form. It was not designed to charge more than one prior conviction. The part here under discussions runs as follows: "That ............ on the .... day of ........ in the year of our Lord, one thousand nine hundred and ........ at the City of St. Louis aforesaid, in the ............ was duly convicted ......... of the offense of .......... and in accordance with said conviction was duly sentenced by said Court to an imprisonment in the ......... of the said State of .......... for the term of ...... years." The prosecuting officer inserted in the space reserved for the naming of the offense the words "Robbery 1st Degree and Assault to Kill (3 charges)." But he did not change the word "offense" from the singular to the plural, nor did he change the word "conviction" to convictions. Furthermore the information as drawn gives one, single date for the conviction on all three charges and recites that the appellant was sentenced to "an imprisonment" in the penitentiary of the State of Missouri "for the term of fifteen years."

All of this taken together is more than a clerical error. If it charges anything, it means that on the prior date mentioned the appellant was convicted of one offense and received one sentence to imprisonment in the penitentiary for the term of fifteen years. The prior offense specified is "Robbery 1st Degree and Assault to Kill (3 charges)." There is no such crime known to law. And even if we were at liberty to construe the language as meaning that one or two of the former charges were for robbery in the first degree and the other two or one for assault with intent to kill, still it could not be true that appellant received one penitentiary sentence for all three crimes.

It may be argued that since the allegation and proof of only one prior felony conviction is sufficient to support a prosecution under the Habitual Criminal Statute for a subsequent offense, therefore it makes no difference whether the appellant was convicted of one or three former charges; and since the jury found him "guilty of three prior convictions," they must have included the one alleged in the information, and the finding as to the other two can be rejected as surplusage. The law is well settled that a reasonable degree of latitude should be allowed in construing informations and verdicts after judgment and sentence, but the rules of criminal law requiring that a defendant be apprised of the charge against him cannot be relaxed altogether. The information here does not show the appellant ever had been convicted of an offense known to the law; or, if so, what the crime was. We can see no escape from holding it fatally defective as regards the part charging the prior convictions and bringing the case within the Habitual Criminal Statute.

It is true that in this particular case the jury could have fixed the appellant's punishment at imprisonment in the penitentiary for life on the robbery charge itself, independent of the prior convictions. But the punishment for robbery in the first degree with a dangerous and deadly weapon under Section 4061 runs down to a minimum of ten years' imprisonment. We have no right to say the jury would not have fixed the punishment at something less than life imprisonment if the case had not been submitted to them under the Habitual Criminal Statute. It follows that the judgment of the circuit court must be reversed and the cause remanded. All concur.