430 P.2d 783

STATE of New Mexico, Plaintiff-Appellee,

v.

Henry SILVA, Defendant-Appellant.

No. 29.

Court of Appeals of New Mexico.

June 23, 1967.

Reuben E. Nieves, Gore & Nieves, Clovis, for appellant.

Boston E. Witt, Atty. Gen., Paul J. Lacy, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

OMAN, Judge.

Defendant has appealed from a judgment and sentence of the district court, entered pursuant to jury verdicts finding him to be the same person who had theretofore been convicted of the three felonies as alleged in the information charging him as an habitual offender.

Sections 40A–29–5 to –7, N.M.S.A. 1953, provide for sentencing, prosecution, and procedures for prosecution of habitual offenders.

Defendant relies upon seven separate points for reversal. The first five of these points concern themselves primarily with attacks upon the information, and the remaining two points relate to claimed errors on the part of the trial court in admitting certain evidence. The points will be considered in the order of their presentation in the brief in chief.

In count 1 of the information it was alleged that the defendant had been convicted of "Assault with a deadly weapon—Bernalillo County, New Mexico, October 5, 1963."

After the jury had been impaneled and sworn, the State requested leave to amend to change the date of October 5, 1963 to April 6, 1964. The trial court observed that "October 5 was, the arrest date of the defendant. The date of April 6 was the date that judgment and sentence was actually entered." It is not apparent upon what the court based his observation, but he granted opportunity to defendant to voice his objections and present argument. Defendant contended that this last-minute change prejudiced his rights.

The court specifically announced that he would grant a delay if additional time were needed to prepare a defense by reason of the change, and asked if defendant requested any such delay. Defendant announced that he had no such request to make. The court granted the amendment.

We observe that an information under the habitual offender statutes does not purport to charge a criminal offense,

but constitutes only a charge of prior convictions by defendant, which, if true, operates to enhance the penalty to be imposed. Lott v. Cox, 75 N.M. 102, 401 P.2d 93 (1965); State v. Knight, 75 N.M. 197, 402 P.2d 380 (1965). The proceedings are, however, penal in nature, and, insofar as applicable, criminal procedures are to be followed. See State v. Lujan, 76 N.M. 111, 412 P.2d 405 (1966); State v. Tipton, 77 N.M. 1, 419 P.2d 216 (1966); Johnson v. Cox, 72 N.M. 55, 380 P.2d 199 (1963); State v. Knight, supra, 5 Wharton, Criminal Law and Procedure (Anderson) § 2221 at 441 (1957).

 Defendant contends he was prejudiced by the amendment, and relies upon the provisions of § 41–6–37, N.M.S.A.1953, and upon the decision in State v. Ardovino, 55 N.M. 161, 228 P.2d 947 (1951).

In State v. Ardovino, the defect was the failure of the information to allege a criminal offense under the statutes of the State of New Mexico, and it was more than a mere error in a date. Here the defendant has failed to demonstrate how he was in any way prejudiced by the amendment showing the correct date of his prior conviction in Bernalillo County. Although the trial court made it clear to defendant and his counsel that additional time would be granted to explore the possibilities of a defense, or to prepare for the presentation of any defense defendant might have, defendant advised the court he did not wish to request any delay, or additional time.

In State v. Krebs, 336 Mo. 576, 80 S.W.2d 196 (1935), it was appellant's contention that a certain date contained in the information was the date of his discharge from the penitentiary, and not the date of commission of a subsequent offense. Thus, he argued that the information was defective, because it failed to show that this subsequent offense was committed after his discharge from the penitentiary under his prior convictions. The Supreme Court of Missouri gave it as their opinion that the date in question referred to the date of the commission of the subsequent offense,

and not to the date of his discharge from the penitentiary, but stated that it made no difference, because that part of the information concerned started out by expressly alleging that "after the said discharge."

Section 40A–29–6, N.M.S.A.1953, provides in part:

"If * * * it shall appear that a person convicted of a felony has previously been convicted of a crime amounting to a felony in this state, * * * it shall be the duty of the district attorney * * * to file an information charging the person as a habitual offender."

The present case was conducted as a separate proceeding, as authorized by our statutes (Lott v. Cox, supra; State v. Tipton, supra), and it was expressly alleged in the information that "Henry Silva * * * having been convicted of the following felonies." This language was then followed immediately by the above-quoted language relating to the charge in question.

The amendment allowed by the trial court in no way changed the substance of the allegations concerning the previous conviction in Bernalillo County of a crime amounting to a felony. No prejudice having been shown as a result of the amendment, we find defendant's position under this point to be without merit.

Defendant next contends the information should have been quashed because, after reciting the felonies of which he had allegedly been convicted, it is alleged:

"And that Henry Silva is an habitual offender contrary to Section 40A–29–7, and should be sentenced pursuant to 40A–29–7, NMSA, 1953 Compilation, as amended."

It is defendant's contention that he should have been charged, and could properly have been charged, only under the provisions of § 40A–29–5, N.M.S.A.1953, or under §§ 40A–29–5 to –6, N.M.S.A.1953.

As above stated, an information under the habitual offender statutes does not charge a separate offense. Section 40A–

29–5, provides for enhanced sentences to be imposed on habitual offenders; § 40A–29–6, imposes the duty on the district attorney to prosecute habitual offenders; and § 40A–29–7, provides for the proceedings to be followed in the prosecution of habitual offenders.

There can be no doubt that defendant was clearly informed that he was being proceeded against as an habitual offender. We disagree with defendant that the information failed to meet the requirements of § 41–6–7, N.M.S.A.1953. This section of our statutes provides:

"Charging the offense.—(1) The indictment or information may charge, and is valid and sufficient if it charges, the offense for which the defendant is being prosecuted in one [1] or more of the following ways:

"(a) By using the name given to the offense by the common law or by a statute.

"(b) By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense or in terms of substantially the same meaning, as is sufficient to give the court and the defendant notice of what offense is intended to be charged.

"(2) The indictment or information may refer to a section or subsection of any statute creating the offense charged therein, and in determining the validity or sufficiency of such indictment or information regard shall be had to such reference."

Here the defendant was expressly informed that the State was contending he was "an habitual offender," and a reference to § 40A–29–7 shows it to be entitled "Proceedings for prosecution of habitual offenders." The court and the defendant were given notice of precisely what was intended to be charged.

Under his point 3 defendant contends: "THE COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO QUASH THE INFORMATION AS BEING UNCERTAIN, INDEFINITE AND INARTLY DRAWN, AND NOT CHARGING AS CONTEMPLATED BY THE STATUTE."

The trial court conceded that the information was inartfully drawn, but observed that he thought the meaning is clear. We agree with the trial court. We do observe that the information is certainly no model of proper pleading, and would suggest that more care be taken in drafting and proofreading of informations prior to trial, rather than being confronted by constant attacks thereon for inaccuracies which could easily have been discovered by careful reading and a little study.

However, we have no trouble in finding the meaning of the information to be plain. Assuming the meaning to be plain, the information or indictment is not rendered insufficient because of improper grammatical construction. See State v. Cabodi, 18 N.M. 513, 138 P. 262 (1914). As provided in § 41–6–7, N.M.S.A.1953, above-quoted, the purpose of the information is to give the court and the defendant notice of what offense is intended to be charged.

Defendant next contends the information was defective and should have been quashed because it failed to name the court or courts in which he had previously been convicted. The first conviction, as above shown, was alleged to have been in Bernalillo County, New Mexico. The second is alleged to have been in "Curry County, New Mexico, Docket No. 5491, October 11, 1965." The third is alleged to have been in "Curry County, New Mexico, Docket No. 5571, April 20, 1966."

The offenses listed in the information, all of which are felonies, could only have been tried in the district courts of Bernalillo and Curry counties, because they are, and at all times since statehood have been, the only trial courts in New Mexico with jurisdiction over such causes. N.M.Const. art. 6, §§ 13 and 23; State v. Klantchnek, 59 N.M. 284, 283 P.2d 619 (1955); State v. McKinley, 53 N.M. 106, 202 P.2d 964 (1949).

■ Our habitual offender statutes do not require that the court or courts in which a defendant has been previously convicted be named. See also People v. Carkeek, 35 Cal.App.2d 499, 96 P.2d 132 (1939); State v. Krebs, supra. We are not suggesting that proper pleading, in most instances, does not require that the court or courts be named, but only that in the present case there can be no doubt that defendant was informed of the courts in which the State was contending he had previously been convicted.

Defendant next contends that there is a fatal variance between the dates of the two alleged convictions in Curry County and the proof in regards thereto. The clerk of the district court, called as a witness by the State, testified that her records showed defendant was sentenced on November 2, 1965 in Cause No. 5491. The transcript of sentencing, which was offered and received into evidence as a part of one of the State's exhibits, shows the sentence was imposed on November 3, 1965, and was apparently filed in the office of the clerk on November 8, 1965. The information in the present cause charges that defendant was convicted on October 11, 1965. A portion of the same exhibit, in which is contained the said transcript of sentencing, consists of a transcript of arraignment and plea of guilty. This shows clearly that defendant pleaded guilty in Cause No. 5491 on October 11, 1965.

As to cause No. 5571, the clerk testified that the records in her office showed defendant was sentenced on April 21, 1966. This is confirmed by a judgment and sentence of the court which appears as a portion of the State's exhibit relative to this cause. Other portions of this same exhibit clearly show he was tried and found guilty by a jury in this cause on April 20, 1966.

The information in the present cause charges he was convicted on April 20, 1966.

■ Defendant apparently takes the position that the imposition of sentence constitutes a conviction, or at least is an essential element of conviction. Conviction means the establishment of guilt by a plea of guilty, by a verdict of the jury in a jury case, or by a finding by the court in a non-jury case. The imposition of sentence is not an element of the conviction, but is rather a declaration of the consequences of the conviction. State v. Larranaga, 77 N.M. 528, 424 P.2d 804 (1967).

Defendant next contends that the trial court erred in admitting over objection certain testimony of the sheriff of Curry County and in admitting into evidence two exhibits. The testimony and the exhibits relate to the question of the identity of the defendant as the person charged in Causes Nos. 5491 and 5571.

If we understand defendant's position correctly, he first contends that the testimony and the exhibits do "not come under the best evidence rule." We are not sure what he means by the best evidence rule. See 4 Wigmore, Evidence §§ 1173, 1174, 1177 at 301, 302, 307 (3d ed. 1940); McCormick, Evidence, §§ 195, 196 at 408, 409 (1954). In his objection he states that "the records of the district court are proper records to prove any alleged conviction." It is apparent that the testimony and the two exhibits were offered not to prove the prior convictions, but to establish the identity of defendant, which the State was required to do. Lott v. Cox, supra.

■ If by the best evidence rule defendant means the "original document rule," then certainly some doubt as to its efficacy in New Mexico arises by reason of the provisions of § 20–2–20, N.M.S.A.1953 (1965 Supp.). In any event, this rule is not here applicable, because the exhibits were the original records kept by the sheriff. He testified that these records, which he calls commitment cards, were kept and maintained by his secretary directly under his control and supervision, and that they were maintained as public records. These cards reflect the reason the named person was jailed, date of arraignment, nature of plea, date and disposition of the charge in both the justice of the peace and district courts,

as well as personal data such as name, address, age, sex, race, weight, date of birth, place of birth, height, color of hair, color of eyes, scars, etc.

The court permitted the witness to use the cards to refresh his recollection, and admitted into evidence only the face of the cards which contains the name, address, and other personal data. The objection made at that time was that the information contained on the face of these cards was not the best evidence and immaterial. .

■■■■ Defendant fails to specifically point out wherein the information contained on the cards is immaterial, or why they are not the best evidence, or what he means by best evidence. He admits that the identity of the defendant was material and essential. All the matters on the face of these cards relate to the question of identity. Evidence which is offered to prove an issue in a case, and which sheds light on that issue, is material and should be admitted. McCormick, Evidence, § 152 at 315 (1954); Lopez v. Heesen, 69 N.M. 206, 365 P.2d 448 (1961). Evidence, though relevant and material, may be inadmissible for other reasons, but no contention is here made that the evidence with which we are here concerned was inadmissible for reasons other than materiality and that the same was not the best evidence.

As his final point, defendant contends the trial court erred in admitting, over his objection, certain testimony of the district probation and parole officer. This officer testified that he had made a pre-sentence report just prior to November 2, 1965, at the request of the district judge. In so doing, he secured information as to defendant's prior criminal record. When asked what he had ascertained, defendant objected on the ground that it was "immaterial and improper." He also stated the best evidence had already been introduced.

The court overruled the objection on the ground that it was admissible to establish identity.

Defendant then made a further objection that a "proper foundation" had not been laid in that the time, place, and persons present at the time the information was secured had not been established. The district attorney then made inquiry of the witness as to the time, place and persons present. Only the defendant and the witness were present, and defendant told the witness of his arrest and conviction in Albuquerque, and of the fact that he had received a suspended sentence, except for confinement for a period of six months in the county jail.

As we understand defendant's present contention, it is that this information, disclosed to the probation and parole officer, was confidential and privileged under the provisions of § 41–17–18, N.M.S.A.1953.

■■■■ We find nothing in this statute which makes privileged a communication made by a criminal to a probation and parole officer in the course of a pre-sentence investigation. However, defendant cannot be heard to complain on this basis on appeal, when no claim of privilege was ever raised in the trial court. People v. Kroeger, 61 Cal.2d 236, 37 Cal.Rptr. 593, 390 P.2d 369 (1964); Strader v. Collins, 280 App.Div. 582, 116 N.Y.S.2d 318 (1952); McUne v. Fuqua, 42 Wash.2d 65, 253 P.2d 632 (1953), sustained on rehearing, Northern Pac. R. Co. v. Department of Public Works, 257 P.2d 636 (1953). See also Tietjen v. McCoy, 24 N.M. 94, 172 P. 1042 (1918); Alvarado Min. & Mill Co. v. Warnock, 25 N.M. 694, 187 P. 542 (1919); Bishop v. Mace, 25 N.M. 411, 184 P. 215 (1919); McKenzie v. King, 14 N.M. 375, 93 P. 703 (1908); Rupp v. Summerfield, 161 Cal.App. 2d 657, 326 P.2d 912 (1958); Bank of America Nat'l T. & S. Ass'n v. Taliaferro, 144 Cal.App.2d 578, 301 P.2d 393 (1956).

The judgment and sentence should be affirmed.

It is so ordered.

SPIESS and WOOD, JJ., concur. .