## HAGAN COAL MINES, Inc., v. NEW STATE COAL CO. et al.

Circuit Court of Appeals, Eighth Circuit.
December 11, 1928.

No. 7937.

Merritt C. Mechem, of Albuquerque, N. M. (Mechem & Vellacott and Frank W. Vellacott, all of Albuquerque, N. M., on the brief), for plaintiff in error.

C. M. Botts, of Albuquerque, N. M. (Simms & Botts and John F. Simms, all of Albuquerque, N. M., on the brief), for defendants in error.

Before BOOTH and COTTERAL, Circuit Judges, and REEVES, District Judge.

BOOTH, Circuit Judge. This is a writ of error to a judgment based upon findings which allowed the demand of plaintiff in error, plaintiff below, allowed the demand of defendants on their counterclaim, offset one against the other, and found a balance in defendants' favor. The suit was at law. The basis of jurisdiction was diversity of citizenship and requisite amount involved.

The complaint alleged that a written contract was entered into between plaintiff and defendants, by which defendants were appointed general sale agents of plaintiff for the sale of its output of coal at its mines at Hagan, N. M., for one year from October 5, 1925; that performance of the contract was entered upon by both parties; that defendants had failed and refused to account for certain of the coal sold; and that there was due and owing plaintiff $7,586.94.

Defendants in their answer made no denial of the amount owing to plaintiff, but set up a counterclaim, alleging that plaintiff had induced defendants to enter into the contract by means of representations which were false, and which were relied upon by defendants to their damage. The principal false representation alleged to have been made was that plaintiff's mine was capable of producing and would produce for sale by defendants at least 300 tons per day. Defendants further alleged in their answer that in reliance upon said representations they made expenditures amounting to $5,602.55 in preparation for making sales of the amount of coal stated; that the gross commissions on the sales of coal actually furnished (12,070 tons) amounted to $2,405.91, leaving a net loss to defendants of $3,196.64. Defendants further alleged that they were ready and able to sell the whole 300 tons per day, and would have done so if the same had been supplied by plaintiff; and that from such sales defendants would have derived net profits in the way of commissions in addition to those above mentioned of $6,561.21; that in order to recoup their losses and mitigate the damages, defendants sold other coal and derived a net profit therefrom of $1,304.02, leaving a net loss of profits of $5,257.19—making a total loss and damage suffered by defendants of $8,453.83.

At the trial plaintiff introduced no evidence. Defendants introduced evidence in support of their counterclaim. At the close of the evidence plaintiff moved for judgment allowing recovery by it, and denying recovery on defendants' counterclaim. The motion was denied, and findings were made as above stated, resulting in a judgment for defendants.

The assignments of error are seven in number. The first challenges the action of the court in denying plaintiff's motion for judgment. Assignments 2 to 6, inclusive, relate to the receiving of certain items of evidence. The seventh challenges a finding of the court relative to the allowance of damages for anticipated profits.

We take up first those assignments of error relating to the introduction of evidence. They may properly be considered together.

The evidence which was received over objection consisted of several statements purporting to show: Total sales and expenses of defendants for the contract year and also for several years prior; amount of coal delivered by plaintiff and commissions earned thereon by defendants; selling expenses and comparison thereof with prior years; allocation of selling expenses to wholesale business; total sales at wholesale, including coal bought from others than plaintiff; cost per ton of selling the additional coal. These statements had been prepared by a public accountant from books and documents which were furnished him by defendant. The books and documents were present in court. They were identified as being books and records belonging to defendants. There was no objection to the summaries as such, but the objection was that the books themselves were neither offered and received in evidence nor was there a sufficient foundation laid for them to be so received.

We think the objection should have been sustained. In the absence of statute, the general rule governing the introduction of books of account of a party in his own favor is that a foundation must be laid by proof of their character, authenticity, correctness, and regularity. 22 C. J. § 1035, p. 864; Phillips v. United States, 201 F. 259 (C. C. A. 8); Pabst Brewing Co. v. E. Clemens Horst Co. (C. C. A.) 229 F. 913.

Plaintiff places reliance upon the case of St. Paul F. & M. Ins. Co. v. American Food Prod. Co. (C. C. A.) 21 F. (2d) 733, in which this court held that in cases where necessity required, books of account and summaries therefrom might be received in evidence without the testimony of the persons who made the original memoranda from which entries in the books were made, providing there existed circumstantial guaranty of trustworthiness of the books. In that case the evidence showed that the books from which summaries had been made were regular books of account; that the entries therein were made in the regular course of business from data sent in by sales agents; that the entries in the books were correctly made. The persons who furnished the original data were not available as witnesses. It was held that the books

and the summaries were both properly received in evidence.

The case at bar does not come within the ruling in that case, so far as the record shows.

There is a statute in the state of New Mexico bearing upon this question, which reads as follows:

"Books of account. In the trial of civil causes in the courts of this State, the books of account of any merchant, shopkeeper, physician, blacksmith or other person doing a regular business and keeping daily entries thereof, may be admitted in evidence as proof of such accounts upon the following conditions:

"First. That he kept no clerk, or else the clerk is dead or inaccessible.

"Second. Upon proof, the party's oath being sufficient, that the book tendered is the book of original entries.

"Third. Upon proof, by his customers, that he usually kept correct books.

"Fourth. Upon inspection by the Court to see if the books are free from any suspicion of fraud."

Section 2187, Code of 1915 of New Mexico.

It has been held that this statute was intended to supplement, not to supersede, the common-law rule. McKenzie v. King, 14 N. M. 375, 379, 93 P. 703. But the intended effect of this statute is immaterial in the case at bar, for the reason that there was no compliance with either the statute or the common-law rule.

As there must be a reversal for the error pointed out, it is unnecessary for us to discuss the questions involved in the other assignments of error. In view of the possibility of a new trial, however, it may not be amiss to say that the ruling on the motion made by the plaintiff for judgment was in our opinion correct. As to the assignment of error based upon an exception to the ninth finding of fact of the court, it is sufficient to say that, since we have already held that the evidence adduced upon which the finding was based was incompetent, we deem it unwise to pass upon a finding based upon incompetent evidence.

The judgment is reversed, with instructions to grant a new trial.